SAMUEL SANGER *vs.* EDMUND A. BANCROFT & others.

A bill in equity cannot be maintained under *St.* 1851, *c.* 206, to obtain the benefit of a mortgage given by a person residing in the Commonwealth to a person beyond its jurisdiction, as security for a promissory note still held by the latter or by some person unknown, even if the mortgage has been fraudulently assigned, without the note, to a citizen of Massachusetts, who is made a party to the bill.

BILL IN EQUITY, under the *St.* of 1851, *c.* 206, to apply to the payment of a debt due from the defendant Bancroft, who resided in California, to the plaintiff, the proceeds of a mortgage of land in Marlborough, made by Brigham, another defendant, to Bancroft, and assigned for no consideration to Tubbs, the third defendant, without the note, which there was no evidence to show had passed out of Bancroft's hands.

*A. B. Underwood*, for the plaintiff

*C. E. Allen,* for the defendants.

DEWEY, J.   Many of the questions raised in the argument of the present case were decided by the court in the case of *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199, in which the construction given to the *St.* of 1851, *c.* 206, was, that the remedy under the statute might be by a bill in equity, and that it might be instituted by a creditor for himself alone, in this respect differing from what is usually termed a creditors' bill.   It was also held that the purpose, as directly expressed, was by this process to reach property, and rights to property, legal or equitable, that were not attachable by previous existing laws.   Hence in that case it was held that where a foreign corporation was a debtor to a creditor residing in this commonwealth, and had no property in this commonwealth which could be attached, but had in the hands of their agent here a large amount of promissory notes payable to them, their property in these notes might be reached by a proceeding in equity, making the debtor a party and compelling him to retain the property of the foreign corporation in his hands to be applied to the discharge of their debt due to a creditor here.   It was not considered necessary that the claim of the creditor should have been reduced to a judgment, or that an execution should have been issued and a return of *nulla bona* indorsed thereon.   The view which the court has taken of this statute has been that it was more in the nature of an extension of the trustee process, or attachment of property not previously attachable by an individual creditor to secure his debts, than of the proceedings known as a creditors' bill.

The further inquiry is, whether there was any property or interest so situated here that it could be reached by this process. The party sought to be charged as a trustee holding property or interest of the foreign debtor, in the present case, is not an agent of such debtor holding notes of other persons belonging to him, as was the case of *Silloway* v. *Columbia Ins. Co.*   The relation of Brigham to the debtor is, taking the case most favorably for the plaintiff, that of a debtor to the debtor of the plaintiff on a negotiable note held by the payee, or by some third person ; and by which is left uncertain.   We may at once lay out of

the case the mortgage and the assignment of the same to Tufts. This assignment, assuming it to have been fraudulent as against creditors if it had conveyed any attachable property, passed no property that was the subject of attachment, or in which the interest of Bancroft could be available. A mortgage cannot be made available without connecting it with the debt or duty secured thereby. To one who has not the debt, it is of no value as property, as it could at most be only resorted to as a trust for the benefit of the holder of the note. Unless the note secured thereby can be reached, it cannot be made available to an attaching creditor of the mortgagee. Although the *St.* of 1851, *c.* 206, would authorize through this process the attachment of the notes, if they were in the hands of an agent here, and thus the mortgage might be made available, it is not equally true that notes in the hands of persons out of the Commonwealth can be reached by a process here against the maker of those notes. That would be extending the statute much beyond the application of it in the case of *Silloway* v. *Columbia Ins. Co.* and beyond what we must suppose the purpose of the framers of the statute to have been. *Bill dismissed.*