MILTON KIRKPATRICK *et al.*

*v.*

BENJAMIN F. TAYLOR, Administrator, etc.

1. CONSIDERATION — *want of* — *what constitutes.* A plea to an action on a promissory note, which sets forth facts showing that it was given with no other consideration than that of natural affection, presents an unquestionable defense, when pleaded as an original want of consideration.

2. SAME — *natural affection sufficient for a deed, but not for an executory contract.* The law is well settled, that natural affection constitutes a valid consideration for a deed, but not for an executory contract.

3. PLEADING — *a plea which states facts, showing a want of consideration — pleaded as a failure of consideration — bad on demurrer — when assigned as such.* On demurrer to a plea in an action on a promissory note, when the plea sets forth, that the note was given by one of the defendants, to secure the support of his mother during her natural life, and for no other consideration and that by a parol agreement the note was to be surrendered at her death, as null and void, and, that she was dead, — *Held :* That such facts present a good defense, when pleaded as a want of consideration.

4. Had the note been originally valid, the parol agreement to surrender it could not destroy its effect, and viewed merely in that respect, and as a plea of failure of consideration, it would be demurrable.

5. That portion of the plea setting up the parol agreement, might be rejected as surplusage, and then the remaining facts in the plea, pleaded as a want, instead of a failure of consideration, would have been good both in form and substance.

6. The plea being objectionable only for surplusage, and as having been drawn as a plea of failure instead of want of consideration, but this latter defect not having been assigned as cause of demurrer, the plea should have been permitted to stand.

APPEAL from the Circuit Court of Bond county.

The opinion states the case.

Mr. S. P. MOORE, for the appellants.

Mr. A. W. METCALF, for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by Taylor, as administrator of Elizabeth Kirkpatrick, against the appellants, upon a promissory note, executed by them to Elizabeth Kirkpatrick. The defendants pleaded, that the note was given to secure the support and maintenance of Elizabeth Kirkpatrick, the widowed mother of one of the makers, during her natural life, with an agreement, that it should be surrendered at her death as null and void; that there was no other consideration; and that the said Elizabeth is dead, whereby the consideration of said note has failed. To this plea the plaintiff demurred specially, assigning as causes of demurrer: first, that the plea sets up a verbal contract to vary the terms of a written contract; second, that it purports to be a plea of total failure of consideration, when in substance it is a plea of partial failure; third, that it is uncertain and indefinite. The demurrer was sustained, and on the trial under the general issue, the plaintiff recovered judgment. The facts stated in the plea show an unquestionable defense to the note if they had been pleaded, not as a failure, but as an original want of consideration. The law is well settled, that natural affection does not constitute a valid consideration for a promissory note. See 1 Parsons on Notes, 178 and 197; *Holliday* v. *Atkinson*, 5 B. & C. 501; *Pennington* v. *Gittings,* 2 Gill & J. 208; *Smith* v. *Kittridge*, 21 Vt. 238; *Fink* v. *Cox*, 18 Johns. 145. Although a sufficient consideration for a deed, it is not so as to an executory contract.

But the plea does not rely upon this principle, but seems to treat the note as originally valid, but defeated by virtue of the parol agreement, through the death of Mrs. Kirkpatrick. The effect of the note, if it had been originally valid, could not be destroyed by this parol agreement changing its terms, and viewed merely in reference to that, and as a plea of failure of

consideration, it was undoubtedly demurrable. Nevertheless, that portion of the plea setting up the parol agreement to surrender the note, may be rejected as surplusage, and the plea would still aver facts showing the note was given without consideration and therefore void. If these facts had been pleaded as a want instead of a failure of consideration, the plea would have been good both in form and substance. As it is, the defect is rather in the form than in the substance. The demurrer was special, alleging only the three grounds above stated. Inasmuch as the plea averred facts which amounted to a defense, and was only objectionable for its surplusage, and for having been drawn as a plea of failure instead of want of consideration, and as this is not set down as a cause of demurrer, the demurrer should have been overruled.

*Judgment reversed.*