Shugart v. Shugart.

SHUGART *v.* SHUGART and REED *v.* SHUGART.

(*Knoxville.* September Term, 1903.)

1. **HUSBAND AND WIFE.** Personal property of wife vests in husband surviving.

A husband surviving his wife is entitled *jure mariti* to take, as his own, money on deposit in a bank belonging to the wife, although such funds came to her from her father's estate and are kept and used as her own. (*Post, p.* 183.)

Cases cited: Hamrico v. Laird, 10 Yerg. 222; Prewitt v. Bunch, 101 Tenn., 723.

2. **PROMISSORY NOTES.** The only consideration of which is love and affection, not enforceable.

The father, in whom *jure mariti,* is vested the funds of his deceased wife, is under no legal obligation to give them to his children, and notes representing the amount of such funds, voluntarily executed by the father to children, are based alone upon love and affection and, therefore, are not enforceable. (*Post, p.* 183.)

3. **SAME.** Of donor not a good subject of gift.

The promissory note of a donor is not a good subject of a gift. It is a mere promise to pay in the future and not complete until payment and can not be enforced against either the donor or his estate after his death. (*Post, p.* 183.)

4. **PARENT AND CHILD.** Express promise necessary to entitle child to recover for personal services rendered parent.

Services rendered by a daughter to her mother in caring for her are such as she was morally bound to render and do not constitute a valuable consideration for a note executed by the father in the absence of an express promise. (*Post, p.* 183.)

Case cited: Harrison v. McMillan, 109 Tenn., 77.

5. **GIFTS INTER VIVOS.** Not good unless the donor parts with his dominion and control.

It is well settled in this State that for a gift *inter vivos* to be good it must be executed and there must be an actual change in the possession of the property, coupled with the manifest intention of the donor to part with his dominion and control thereover. (*Post, p.* 184.)

Cases cited: McEwen v. Troost, 1 Sneed, 189; Trowell v. Carraway, 10 Heisk., 104; Sheegog v. Perkin, 4 Baxter, 281; Marshall v. Russell, 93 Tenn., 261.

6. **SAME.** Same. Unindorsed certificate of deposit not a good gift, when.

The mere manual delivery of certificate of deposit, payable to the donor's own order, and not indorsed by him, would not vest title, unless made for a valuable consideration, or was not subsequently revoked. (*Post, p.* 184.)

7. **EVIDENCE.** Imputing moral turpitude not admissible, when. Exclusion of, not erroneous unless set out in record. Case in judgment.

Plaintiffs sued their father, the defendant, on notes alleged to represent money left on deposit by the mother, to which the father, surviving, was entitled *jure mariti*, but which he had promised to give to plaintiffs. On the trial questions were offered imputing moral turpitude to defendant. Record does not show either questions or answers.

*Held*: 1. Questions properly excluded. 2. Trial court can not be put in error even for erroneous exclusions of evidence, unless both questions and answers appear in the record. (*Post, p.* 185.)

8. **PARENT AND CHILD.** Father not estopped to deny liability to daughter on note without consideration, when.

Where a father, without consideration, executed a note to his daughter, he is not estopped to deny liability thereon, although she contracted debts for board, relying on said note to pay them, it not appearing whether the debts were incurred before or after suit was brought. (*Post, pp.* 182-184.)

Shugart v. Shugart.

FROM KNOX.

Appeal in error from Circuit Court of Knox County.—
Jos. W. SNEED, Judge.

POWERS & BURROWS, for plaintiffs in error.

HORACE VAN DEVENTER, for defendant in error.

MR. JUSTICE WILKES delivered the opinion of the
Court.

These are suits upon two notes, commenced before a
justice of the peace.   On trial in the circuit court before
a jury, there was verdict and judgment for defendant,
and plaintiffs have appealed and assigned error.   The
defense to the notes is want of consideration.

The facts, so far as necessary to be stated, are that
plaintiffs are the children of defendant.  Some years
ago the wife of defendant and mother of the plaintiffs
died, leaving on deposit in bank $1,000.   It appears
that this money came to the wife from her father's es-
tate, and was kept and used as her own.   After her
death, letters of administration issued to her husband,
and he wound up her estate in the county court of Knox
county.   He paid the expenses of administration out of
the fund, which appears to have been all the estate the

wife left, and the remainder, of $902.75, he receipted for as being entitled thereto. It appears that after her death he, for a time, supposed this money would go to his children, and so stated to them and to others; but, on being informed that he was legally entitled to it, he administered and reduced it to possession by receipting for it, and having a new certificate issued in his name as administrator, and afterwards putting the money to his own credit. After this he executed to his children the two notes now in controversy, as representing this fund. His version, which on appeal we must take to be the correct one, as the jury has adopted it, is that he issued these notes to his children to secure them that amount out of his estate in the event he should be killed or die suddenly, in addition to their share in his estate. He says he executed them voluntarily, with the understanding had at the time that they were to take effect only in case of his death. He further states that he handed the notes to his daughter Mary Lee with instructions to put them away among his valuable papers. The daughter Mary Lee Shugart states that her father promised her $50 of this fund more than each of the other children, because she had kept house for him and waited upon her mother. Hence the note given to her was for $200, while the other children were to have only $150 each. He denies that he promised to pay her any amount for such services. It appears that he put into his daughter's hands a certificate of deposit for $500 for the benefit of his four other children. This certificate was payable

to his own order, and was not indorsed, but merely delivered, and afterwards taken up by him and cashed.

Without taking up the assignments *seriatim,* we will proceed to dispose of the case upon the features which are controlling:

We are of opinion that on the death of the wife the defendant, as her husband, was entitled to take the money which she left on deposit, as his own. *Hamrico* v. *Laird,* 10 Yerg., 222; *Prewitt* v. *Bunch,* 101 Tenn., 723, 50 S. W., 748; and cases cited. We can see no legal obligation he was under to give it to his children. The gift, if it can be so called, was based wholly on love and affection, and to take effect only after death. A note whose only consideration is love and affection is not enforceable in law. 1 Dan'l, Neg. Ins. (4 Ed.), section 179; 4 Am. & Eng. Ency. Law (2 Ed.), p. 189.

The services rendered by the daughter to her mother are such as she was morally bound to render without compensation, and do not constitute a valuable consideration, and for them no compensation can be recovered in the absence of an express promise. *Harrison* v. *McMillan,* 1 Cates, 77, 69 S. W., 973; 1 Dan'l, Neg. Ins. (4 Ed.) section 182. And the jury must have believed his statement that he made no promise. A donor's own promissory note is not a good subject of gift. It is a mere promise to pay in the future, and is not complete until payment, and cannot be enforced, either at law or in equity, against the donor, or against his estate after death. 14 Am. & Eng. Ency. Law (2 Ed.); pp. 1016,

1030; 1 Dan'l, Neg. Ins. (4 Ed.), sections 179, 180; 8 Am. & Eng. Ency. Law (1 Ed.), p. 1320; 10 Am. & Eng. Ency. Law (2 Ed.), p. 1030.

It is insisted that the court should look behind the notes, and hold that the money was delivered to the children, and that he afterwards borrowed it. But the record does not sustain this contention. The money was never actually delivered. A certificate of deposit in the defendant's name for $500 was delivered, but it was not indorsed, and it was afterwards taken up and cashed by the defendant. A gift, to be good, must be executed, and the property or money, must be delivered. There must be an actual change of possession, to the extent that the owner loses the dominion and control over it. 8 Am. & Eng. Ency. Law (1 Ed.), 1314; 14 Am. & Eng. Ency. Law (2 Ed.), 1016-1020; *McEwen* v. *Troost,* 1 Sneed, 186; *Trowell* v. *Carraway,* 10 Heisk., 104; *Marshall* v. *Russell,* 93 Tenn., 261, 25 S. W., 1070. And the intention of the owner to part with the dominion and control must clearly appear. *Sheegog* v. *Perkins,* 4 Baxt., 281. The mere manual delivery of the certificate of deposit, payable to the donor's own order, and not indorsed by him, would not vest title, unless it was made for a valuable consideration, or was not subsequently revoked. 2 Dan'l, Neg. Ins. (4 Ed.), section 1702. We are not considering gifts of choses in action, such as notes of third persons. These are the subject of gift both *inter vivos* and *causa mortis*. 14 Am. & Eng. Enc. Law (2 Ed.), 1029-1062; *Brunson* v. *Brunson,* 19 Tenn.,

Shugart v. Shugart.

630; *Donnell* v. *Donnell*, 38 Tenn., 270; *Brown* v. *Moore*, 40 Tenn., 671.

Questions were offered affecting the character of defendant, and imputing moral turpitude, but were not allowed to be asked, and we think properly. It does not appear specifically from the bill of exceptions what the questions were, nor what answers would have been made. There is no error in this.

There are other minor exceptions and assignments, but they are not material, and present no ground for recovery.

In the application for a new trial it was insisted that the defendant was estopped to deny liability on the note to his daughter Mary Lee Shugart, because she had contracted debts for board, relying upon this fund to pay them. The proof shows that she brought suit very soon after leaving her father's home, and it does not appear whether she incurred the debts before or after suit was brought.

We are of opinion that this does not make out a ground for recovery, and the judgment of the court below is affirmed, with costs.