LUCIE VAN A. SHRIVER,

*vs.*

JOHN H. DANBY and THE EQUITABLE GUARANTEE AND TRUST COMPANY, Trustees Under the Will of William H. Gregg, deceased, GEORGINE GREGG DANBY and CHARLES H. WALLACE. Guardian of Constance Gregg Wallace.

*New Castle, March* 18, 1919.

The whole of a will must be considered to ascertain testamentary intention, and inconsistent provisions should be reconciled, if possible, so that a provision showing clearly testator's intention will not be rejected, because inconsistent with an earlier provision, but the earlier one will be modified by the later one.

A will which devised to trustees, to pay from income a sum per week to testator's sister for life, to pay to two granddaughters $50 a month until they reached 21, and to pay to a daughter the third of the whole income for life, also to pay to each of the granddaughters, after she reached 21, a third of the income for life, further providing that obligations representing advances to each of testator's sons-in-law should be considered a portion of the part of the estate to the income of which their daughters were entitled, *held* to have directed that testator's residuary estate, including notes executed to testator by the father of one of the granddaughters, should be divided into three parts, and one of them held for the granddaughter whose father executed the notes, and that the notes be a part of her trust estate, so that she could not complain that the trustees in their accounts charged her with having received interest on such notes which had not in fact been paid.

The use of the words "value received" in a note did not import a consideration, where the testimony showed there was no consideration.

A note given to equalize the payee's share in the estate of the maker is without consideration.

A promissory note cannot be the subject of a valid gift from the maker to the payee, even though duly delivered.

Natural love and affection do not constitute a good consideration, to validate a gift of a promissory note.

Where testator, to equalize a son-in-law's share in his estate, gave him a promissory note, which, long after maturity, and not for value, the son-in-law transferred to his daughter, that she might set it off against notes of her father to testator, she stood in no better position than her father in relation to testator's note to him, the gift of which was invalid.

BILL TO RECTIFY ACCOUNTS OF TRUSTEES under the will of William H. Gregg, deceased. Heard on bill, answer, testimony of witnesses and exhibits. The facts appear in the opinion.

*Robert H. Richards*, and *Ruby R. Vale*, of Philadelphia, Pa., for complainant.

*Hugh M. Morris*, for defendants.

THE CHANCELLOR. William H. Gregg, who died in May, 1901, by his will, after making certain gifts, devised to trustees the residue of his estate, in trust to pay from the net income three dollars per week to his sister, Caroline H. Gregg, for life; to pay to his granddaughter, Lucie Van A. Shriver, the complainant, a daughter of Frank W. Shriver, fifty dollars per month until she attained twenty-one years of age; to pay a like sum to another granddaughter, Gertrude Gregg Wallace, daughter of Charles H. Wallace, until she attained twenty-one years of age; and to pay to his daughter, Georgine G. Danby, one-third of the whole net income of the trust estate for life; and when and as the granddaughters arrived at twenty-one years of age to pay unto each one-third of the whole net income for life. The will provided as follows:

"And it is my will and intent that each of my said granddaughters and my said daughter shall receive equal benefit and be entitled to an equal one-third share of my estate; and in case the net income from one-third of my estate shall exceed the sum of fifty dollars per month to be paid to my said granddaughters respectively until they attain their majority, and shall accumulate in the hands of the said trustees, then the share of either or both of my said granddaughters from whose share such income may accrue, shall be increased in principal to the extent of such accumulated income in each case respectively.

"And it is further my will that any obligations I may hold representing advances to either of my said son-in-laws, Frank W. Shriver or Dr. Charles H. Wallace, shall be held, taken to be and considered a portion of that part

of my trust estate to the income of which their daughters respectively are entitled, and upon the termination of the trust as to them respectively, if any such obligation shall remain unpaid, they shall be transferred by my said trustees to the beneficiaries entitled to my granddaughters' shares respectively as a part of the principal of their shares respectively."

In case either grandchild should die without children, he gave "from the one-third part of my estate set apart for such grandchild" certain legacies.

Upon the death of his daughter and granddaughters the trustees were required to convey and pay over one-third of the property and estate held in trust for the one so dying to her issue; and in case either or both of the granddaughters should die without issue, then after paying the legacies mentioned above, "to pay the principal of the trust to the income of which the one so dying is entitled" to the class of persons mentioned in the will.

Caroline H. Gregg, the annuitant, died in 1903. In their first account, passed November 17, 1904, the trustees charged themselves with two promissory notes made by Frank W. Shriver, the father of the complainant, one for $9,000, and the other for $2,875, and received from the executor of William H. Gregg. In that account, and in subsequent ones, the trustees charged themselves with having received several sums as interest on said notes, when in fact such interest was not paid, and took credit for said sums as against the income to which Lucie Van A. Shriver was entitled. This was done because the testator had declared that such obligations should be held as and considered to be a portion of that part of the trust estate to the income of which this daughter of Frank W. Shriver was entitled, and that the daughter of Frank W. Shriver should be the loser, and not the daughter or other granddaughter of the testator in case that interest was not paid. It was claimed by the trustees, that to carry out that intention it was necessary for them to state the account as if the interest on the notes had been actually received by the trustees; and in order that the default in the payment of the interest should be borne entirely by the daughter as required by the will, it was necessary for the trustees to debit the special account of the daughter with the unpaid interest on her father's notes as having been repaid to the trustees. By so stating the account, the exact

amount of income to which the complainant was entitled under the will was ascertained and shown.

It was claimed for the complainant that there was a clear general intention shown by the testator that his daughter and two granddaughters should during their respective lives share equally in the income of the trust estate, and that this general intention prevailed over the seeming inconsistent language making the obligations of a son-in-law part of the trust estate to the income of which the daughter of such son-in-law was entitled, and therefore that the loss of interest on the Shriver notes should be borne by all the life beneficiaries, and not by Lucie Van A. Shriver only.

The whole of a will must be considered to ascertain testamentary intention, and inconsistent provisions should be reconciled if possible. A provision of a will showing clearly the testator's intention will not be rejected because inconsistent with an earlier provision, but the earlier one will be modified by the later one. All this is fundamental law as applied to the construction of wills.

A careful consideration of the will shows with great clearness the testator's intention that these notes if not paid should constitute a part of the trust estate to be held for the benefit of his granddaughter, Lucie Van A. Shriver. He in effect directed that his residuary estate, which included these notes, should be divided into three parts, and one of them be held for Lucie Van A. Shriver, and that these notes be a part of her trust estate. This, of course, could not actually be done during the life of Caroline H. Gregg, the annuitant, for her annuity was payable from the income of the total residue and a first charge thereon. But so far as the question raised is concerned, that does not affect the clarity of testamentary intention concerning these notes as above expressed.

In view of this conclusion as to the proper interpretation of the will, which leads to the further conclusion that no injustice was done to the complainant by the method adopted by the trustees in stating their several accounts, it is not necessary to consider some of the subsidiary questions discussed. It is held that the complainant is not entitled to any relief based on the fact that the trustees in their accounts state that they received interest on the notes of Mr. Shriver, which interest had not in fact been paid,

and had taken credit for the amount of such interest as deductions from the income of the complainant.

The second branch of the case relates to the promissory note made by the testator dated September 5, 1900, for $3,000, payable to Frank W. Shriver, or order, on demand. After the note was signed the maker put it in his pocket. The payee never had the note in his possession in the life of the maker, and did not know of its whereabouts until by accident it was found in 1909, about eight years after the death of the maker, among papers of the maker in a safe in what was the office of the business establishemnt of the company of which both the maker and payee were officers. The payee of the note had access to and used the safe, but discovered the note by accident. Before the filing of the bill the payee endorsed the note to his daughter, Lucie Van A. Shriver, the complainant. This was done admittedly in order that it might be credited against the two notes made by Frank W. Shriver, above referred to in the earlier part of this opinion. The note is brought into court by the bill, to be disposed of by the court in its discretion.

It was distinctly stated by the payee in his testimony, that there was no consideration for the note, and from a letter written by him it appeared that it was signed in order that he as a son-in-law of the maker would receive from his father-in-law a sum equal to that which the other two sons-in-law of the maker had received, or would receive from that source.

From the facts disclosed it is very clear that there was no valuable consideration for the note, and no other consideration which made it other than an attempt to make a gift. The use of the words "value received" in the note did not import a consideration where the testimony showed there was none. The note was intended as a gift, and the gift was made to Shriver because the maker had made, or would make, gifts to his other sons-in-law. A note given to equalize the payee's share in the estate of the maker is without consideration. *Parish v. Stone*, 14 *Pick.* (*Mass.*) 198, 25 *Am. Dec.* 378; *Priester v. Priester, Rich. Eq. Cas.* (*S. C.*) 26, 18 *Am. Dec.* 191; *Loring v. Sumner*, 23 *Pick.* (*Mass.*) 98; *West v. Cavins*, 74 *Ind.* 265.

In *Jamison v. Craven*, 4 *Del. Ch.* 311, 327, the Chancellor

said that delivery of a voluntary deed must be strictly proved; and in *Robson v. Robson*, 3 *Del. Ch.* 51, the Court considered the features necessary to constitute a gift *inter vivos*. The gift in the present case was one *inter vivos*. It was not a *donatio causa mortis*, as defined in *Robson v. Robson*, for it was not made in peril of death.

But it is not necessary to decide whether the note was effectively delivered or not, for even if the note had been actually delivered to and thereafter retained by the payee, it would not have been valid as against the maker, or his estate after his death. A promissory note cannot be the subject of a valid gift from the maker to the payee thereof. *Graf v. Graf*, 150 *Ky.* 226, 150 *S. W.* 58, *Ann. Cas.* 1914*C*, 1138, *and valuable note*; *Richardson v. Richardson*, 148 *Ill.* 563, 36 *N. E.* 608, 26 *L. R. A.* 305, *and note*; *Parish v. Stone*, 14 *Pick.* (*Mass.*) 198, 25 *Am. Dec.* 378; *Harris v. Clark*, 3 *N. Y.* 93, 51 *Am. Dec.* 352, *and note; Kern's Estate*, 171 *Pa.* 55, 33 *Atl.* 129; 1 *Parsons on Contracts* (*7th Ed.*) 235; 20 *Cyc.* 1211; 12 *R. C. L.* 940, § 17.

In 2 *Kent, Comm.* 438, it is explained thus:

"The gift of the maker's own note is the delivery of a promise only, and not the thing promised, and the gift therefore fails."

And in *Williams v. Forbes*, 114 *Ill.* 167, 28 *N. E.* 463, the Court said:

"A gift is always revocable until it is executed, and a promissory note intended purely as a gift, is but a promise to make a gift in the future. The gift is not executed until the note is paid."

And in *De Grange v. De Grange*, 96 *Md.* 609, 615, 54 *Atl.* 663, 665, it was said:

"A promissory note given without consideration to a donee is but the voluntary promise of the donor to pay the money therein mentioned at a future date. The donor does not part with the dominion over the money which is the real subject of the attempted or rather the promised gift."

Judge Spruance in charging the jury in the case of *Rogers v. Rogers*, 6 *Pennewill* 267, 270, 66 *Atl.* 374, said in a general way that one "may bind himself, by an instrument under seal, to pay money to another, without any valuable consideration whatever"; but this does not apply to a promissory note, and is perhaps too

broad a statement of the law. No authority was cited, and the general rule as to gifts of a note not under seal was not stated or considered, so far as appears.

There are some exceptions to the rule above stated. For instance, some cases hold that if a donee has incurred liability relying on the promise contained in the note, the maker, or his estate, may be estopped to deny the validity thereof as a gift. But there is no exception which has an application to this case.

This rule will be equally effective in this court, for as was said in *Robson v. Robson,* 3 *Del. Ch.* 51, 81:

"Equity will not, for a volunteer, aid a gift, imperfect at law."

Though there is no evidence that the note was given because of love and affection toward the payee, yet even if it had been there is authority that natural love and affection do not constitute a good consideration so as to validate such a gift. *Graf v. Graf,* 150 *Ky.* 226, 150 *S. W.* 58; *Kirkpatrick v. Taylor,* 43 *Ill.* 207; *Sullivan v. Sullivan,* 122 *Ky.* 707, 92 *S. W.* 966, 7 *L. R. A.* (*N. S.*) 156, 13 *Ann. Cas.* 163; *Fink v. Cox,* 18 *Johns.* (*N. Y.*) 145, 9 *Am. Dec.* 191; *Kern's Estate* 171 *Pa.* 55, 33 *Atl.* 129. Therefore the promissory note was not valid and collectible in the hands of the payee, Frank W. Shriver, against the estate of the maker, and while held by the payee could not be set off against indebtness of the payee of the deceased.

These principles are equally applicable to the complainant who took the note long after maturity, not for value, but for the avowed purpose, as explained by her counsel, of setting it off against the notes of her father and so reducing the amount of interest thereon charged against her. It is not necessary to cite authorities on this point.

The prayer for the set-off of the $3,000 note against the obligations of Frank W. Shriver for $9,000 and $2,875 respectively must, therefore, be refused.

The conclusions on both matters raised by the bill are such that the bill must be dismissed with costs on the complainant.

Let a decree be entered accordingly.

NOTE- Affirmed on appeal, *post p.* 390.