JOHN W. SPIELMAN v. JOHN A. ALBINSON AND OTHERS.[1]

April 24, 1931.

No. 28,396.

[1]Reported in 236 N. W. 319.

J. A. Cashel, for appellant.

Timerman & Vennum, Donald C. Rogers, M. P. Thornton, and White, Holloman & White, for respondent.

WILSON, C. J.

Defendant corporation appealed from a judgment entered against it for $13,496.

The present important portion of a contract between plaintiff, the respondent herein, and appellant, arising out of a lengthy state of facts relating to a farm, is this:

"And thereafter [respondent] to give a quitclaim deed of said premises to said John A. Albinson Lumber Company [appellant] and take a mortgage back for whatever balance remains unpaid to him."

At that time the balance had reference to an indebtedness due respondent evidenced by the personal note of John A. Albinson and secured by a second mortgage on the farm. When the time came to perform the contract appellant was willing "to give the mortgage back" but refused to execute a promissory note to be secured by the mortgage, claiming that the agreement was that the mortgage was to secure the personal note of John A. Albinson, who was willing to give the note. Respondent insisted upon the note of the appellant. This action followed.

The complaint sought reformation of the contract to show that it was the note of appellant which the mortgage was to secure; that respondent have a lien on the farm and that it be foreclosed; and

that respondent have personal judgment against appellant. The court did not reform the contract but directed the entry of the personal judgment.

■ A mortgage, as stated in 1 Jones, Mortgages (8 ed.) § 17, is best defined by saying it is a mortgage. The authorities seem to agree that it is a conveyance of an estate as security for the payment of a debt and to become void upon the payment of it. It was said in Dahl v. Pross, 6 Minn. 38 (89) that a mortgage is given by the owner or the holder of the legal title of property, to secure (ordinarily) his contract to pay money. A covenant therein to pay the debt is usual, but such is not an essential. Van Brunt v. Mismer, 8 Minn. 202 (232). It is only necessary that there be a debt or a duty to be performed. There are ordinarily two real requisites of a mortgage, viz. (1) a conveyance of land and (2) security. This usually involves a debt; but not necessarily the mortgagor's debt. His personal obligation is not an essential; that may be specifically excluded. The mortgage may be given to secure the debt of a third person; or the mortgagee may rely wholly upon the security.

■ Of course the written contract cannot be changed by parol evidence, but parol evidence is sometimes permissible in aid of construction. It is permissible where there is equivocation. Here the sentence including the words "to take a mortgage back" is equivocal in relation to whose note is to be secured. It is not necessarily certain as to whose note is to be so secured by the mortgage. The language used would be applicable whether the parties intended the mortgage to secure the note of appellant or the note of John A. Albinson. Hence the statements of the parties may be proved by parol to ascertain their intentions. Pfeifer v. National L. S. Ins. Co. 62 Minn. 536, 64 N. W. 1018; 2 Dunnell, Minn. Dig. (2 ed.) §§ 3397-3398; Klueter v. Joseph Schlitz Brg. Co. 143 Wis. 347, 128 N. W. 43, 32 L.R.A.(N.S.) 383; Osterberg v. Section 30 Development Co. 160 Minn. 497, 200 N. W. 738. See Cargill Comm. Co. v. Swartwood, 159 Minn. 1, 198 N. W. 536.

Parol evidence is also permissible for the purpose of ascertaining the subject matter and the viewpoint of the parties in relation

thereto. In order to ascertain the intention of the parties it is important to know the circumstances under which the words were used, and what was the object, appearing from the circumstances, which the parties then had in mind. Such evidence is admissible to identify the subject matter, that is, to apply the language of the instrument to the subject matter; and for the purpose of explaining away any uncertainty arising from such application. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 3400, 3402, 3403 and 3407. The identity of the note to be secured by appellant's mortgage was a part of the subject matter. If the meaning of the contract, either in its literal sense or as applied to the facts, is obscure, oral evidence may be received in aid of applying the contract to the subject matter. Klueter v. Joseph Schlitz Brg. Co. 143 Wis. 347, 128 N. W. 43, 32 L.R.A. (N.S.) 383.

The pleadings put in issue the identity of the note to be secured, and the court under the rules of law stated properly received parol evidence as to statements of the parties as to whose note was to be secured. Defendants called two witnesses who testified that the talk was that Mr. Albinson was to give his personal note which was to be secured by the mortgage. The agent who represented the plaintiff in the transaction testified that there was no such talk. There were circumstances tending to corroborate both sides. The evidence sustains the court's determination of the issue in favor of the respondent.

■ An assignment of error is based upon a finding that the respondent tendered a performance of the contract, tendering a quitclaim deed and demanding the execution of a note and mortgage for $10,219.22 and demanded a cash payment of $1,572.38 as accrued interest and $128.33 taxes with accrued penalty. Judgment was apparently entered accordingly with additional interest.

Under the terms of the agreement respondent was not entitled to a cash payment of the interest. It was to be included in the mortgage. But appellant's refusal to perform was not because of this unauthorized demand for cash; nor did it defend on that ground. In view of this situation, together with the determination

that appellant was required by the contract to give its own note, this unauthorized demand for cash cannot now be the basis for reversible error.

■ Appellant also assigns as error a finding that by virtue of the agreement it agreed to pay all interest due on plaintiff's second $11,400 mortgage, with taxes and interest on the first mortgage for $10,000. Under the terms of the contract appellant agreed to "advance and pay" the respondent from time to time until May 29, 1927, the interest on the first mortgage and the taxes as they should from time to time become due and payable. The finding seems to have gone beyond appellant's contractual obligation and was error, but we cannot determine from the record the consequences of this error. It is possible that the personal judgment should be for a smaller amount. Yet in view of the conclusion that appellant is to be held personally liable for the amount due on respondent's second mortgage, we cannot say that the error was prejudicial. Respondent was probably in a position to require payment of the interest on the first mortgage as well as the taxes before determining the correct amount for which the appellant was to give a mortgage. If not, the appellant has failed to make clear the alleged prejudicial error.

Affirmed.

