ROGERS *v.* SNOW BROS. HARDWARE COMPANY.

4-2633

Opinion delivered September 26, 1932.

*C. M. Martin,* for appellant.
*Thos. W. Hardy* and *R. H. Little,* for appellee.

BUTLER, J. Snow Brothers Hardware Company obtained a judgment against W. L. Rogers in the Ouachita Circuit Court on the 11th day of April, 1927. On the 7th of May, 1931, they had an execution issued on this judgment with directions to the sheriff to levy the same on the interest W. L. Rogers had in a certain tract of land of which his father, John W. Rogers, died seized and possessed on the 6th day of May, 1931, and in which W. L. Rogers was assumed to own by inheritance an undivided one-fourth interest. After the issuance of the execution and on May 10, the appellants filed for record a warranty deed dated and acknowledged on December 7, 1926, by which W. L. Rogers undertook to convey all of the parcel of land to the appellants, A. M. Rogers, H. C. Rogers and W. H. Rogers, his brothers. When this deed was filed for record, this suit was instituted for the purpose of having said deed canceled and set aside and the interest of W. L. Rogers acquired by inheritance subjected to the satisfaction and payment of the judgment. Answer was duly filed, and the court, on consideration of the case as set forth by the pleadings and the testimony introduced by the parties, made the following finding of fact:

"That J. W. Rogers, deceased, indorsed his son's, W. L. Rogers', note as accommodation indorser and paid it. The son agreed to either repay the money or waive his right to share with his brothers in two hundred and fifty acres of land in Ouachita County, at his father's death. To carry this agreement into effect, he executed a warranty deed to his three brothers, A. M. Rogers, H. C. Rogers, and W. H. Rogers, for a recited consideration of $1,250, conveying a one-fourth undivided interest in the two hundred and fifty acres of land owned by his father and which he expected to inherit at his father's death. He delivered this deed to his father, J. W. Rogers, in 1926, with the express understanding that if he should repay this money at any time prior to his father's death the deed should be returned.

"That W. L. Rogers failed to repay the money. Soon after the father's death in May, 1931, the four defendants, being his sole surviving heirs, selected the elder brother, A. M. Rogers, and executed to him a power of attorney to administer and wind up the estate. A. M. Rogers, acting under his power of attorney, found the said deed among his deceased father's papers and filed it on record. That this does not constitute an unconditional delivery of said deed, and that said deed is ineffectual, and that A. M. Rogers, H. C. Rogers and W. H. Rogers acquired no interest in said lands under and by virtue of said deed.

"That said defendants are claiming title by reason of this deed and not by inheritance. Therefore, the indebtedness from W. L. Rogers to the estate of J. W. Rogers, deceased, is not material, since there was no delivery, and they acquired no rights by reason of the deed.

"Neither can it be construed to have been intended as a mortgage securing indebtedness to J. W. Rogers, because said Rogers had the fee simple title to said land and could not legally hold a mortgage thereon—it would have been merged. Therefore, the status of W. L. Rogers to the estate of J. W. Rogers, deceased, is that of a common debtor, so far as the rights of the parties are here concerned. The deed to the grantees (defendants) fails. None was executed or could have been executed to J. W. Rogers, the fee owner.

"By force of plaintiffs' execution they have a lien which should be foreclosed and sold by a commissioner of this court."

The court thereupon rendered a decree holding that the deed was null and void, and that the appellees' execution lien be foreclosed and the one-fourth interest of W. L. Rogers in the lands be sold by commissioner of the court to satisfy the judgment obtained by the appellants against him on the 11th day of April, 1927.

The facts as found by the chancellor cannot be said to be against the preponderance of the testimony, nor

do the appellants complain of this, for indeed these were the facts contended for by them. They insist, however, that W. L. Rogers, at the time of the execution of the deed and in the lifetime of his father, had such an interest in his father's lands that he could sell or mortgage and that the deed executed by W. L. Rogers to his brothers constituted an equitable mortgage on his prospective interest in the lands which constituted a superior lien to the judgment lien of the appellees. It is true that the effect of our statute is that a warranty deed will convey an after-acquired title, but the essential character of the mortgage is that there must exist an indebtedness or liability between the parties which the conveyance is intended to secure. *Farrow* v. *Farrow,* 136 Ark. 140, 206 S. W. 134; *Wells* v. *Moore,* 163 Ark. 542, 260 S. W. 411.

"No conveyance can be a mortgage unless made for the purpose of securing the payment of a debt or the performance of a duty, either existing at the time of execution or to be created, or to arise in the future. Hence, a deed which is absolute in its terms cannot be converted into a mortgage without proof of an obligation to be secured by it either in the form of an antecedent debt between the parties, or a loan, debt, assumption or liability, or contract for future advances contemporaneously made." 41 C. J., § 97, p. 333.

It was admitted by W. L. Rogers in his testimony that he did not owe anything to either of the grantees in the deed of December 7, 1926, and there is no testimony to the effect that they had assumed any liability for him. Therefore, the deed was not a mortgage. Neither was it effectual, although in form a warranty deed, to convey to them his after-acquired title. In order for a deed of that description to convey the after-acquired title, it must be executed so as to pass the grantor's estate if at the time he had title, and to be so executed it is essential that there be a delivery. In any given case whether or not the deed was delivered is essentially a question of fact to be determined by the intent of the grantor as manifested

by his acts or words or both. It is only where the acts or words unequivocally evince the purpose of the grantor that the question of delivery becomes one of law. *Battle* v. *Anders,* 100 Ark. 427, 140 S. W. 593. It is claimed that the delivery of the deed to John W. Rogers was in effect a delivery to the grantees, but this is not the case. Where the deposit of a deed is with a third person, it must be irrevocable, and, if it is subject to the control of the grantor, its delivery has no binding effect. *Moore* v. *Moye,* 122 Ark. 548, 184 S. W. 63; *American Central Fire Ins. Co.* v. *Arndt,* 129 Ark. 309, 195 S. W. 1075.

In the instant case the undisputed evidence is that there was no direction to John W. Rogers to deliver the deed to the grantees, nor was the delivery to the father an irrevocable act and the deed was subject at any time to revocation by the payment of the debt W. L. Rogers owed his father. We are of the opinion that the finding of the chancellor that there was no delivery is not against the preponderance of the testimony. It follows that the decree of the trial court is correct, and it is therefore affirmed.

KIRBY, J., dissents.