TITLE GUARANTEE & TRUST COMPANY, Plaintiff *v.* CHARLES E. NESSLE and Others, Defendants.

Supreme Court, Special Term, Kings County, April 14, 1937.

*C. Elmer Spedick*, for the plaintiff.

*John J. Ryan*, for the defendants.

BRENNAN, J. This is a motion for summary judgment made by the plaintiff in an action on a note, the sole security for which was a mortgage dated October 26, 1932, and made by the defendants Charles and Annie Nessle to the plaintiff.

The defendant Charles Nessle since 1927 received loans from the plaintiff on his unsecured notes, his indebtedness being adjusted at intervals and renewal notes substituted for old notes which were canceled. This course of dealings continued until 1932, when the defendant's indebtedness was adjusted at the sum of $21,500. A note for that amount was given and as collateral security therefor the above mortgage was delivered to the plaintiff. The note sued upon is a renewal of the said note in the sum of $17,500, the amount due at the time it was made.

The Mortgage Moratorium Acts do not apply to this action, for the mortgage was dated after July 1, 1932. (Civ. Prac. Act, §§ 1077-g, 1083-b.) Neither may any equitable defense concern-

ing the value of the property mortgaged be interposed in this action, which merely seeks judgment on the note, thus precluding any action to foreclose the mortgage until after return of execution on the judgment either wholly or partly unsatisfied. (Civ. Prac. Act, § 1077.)

The plaintiff, in addition to the usual allegations, alleges the sale of said mortgage at public auction, its purchase by the plaintiff for $5,000, payment of the note to that extent, and a resulting balance due on the note in the sum of $12,500, for which it asks judgment with interest. The idea of the plaintiff seems to have been that it merely had a lien upon the lien of the mortgage and could not foreclose until it reduced said lien to possession. But the mortgage was made to the plaintiff and was owned and recorded by it. Plaintiff's lien was on the real property described in the mortgage and could have been foreclosed upon default in payment of the note.

The plaintiff produced the mortgage. It is the sole security for the indebtedness and cannot exist apart from the note, for as stated by the court in *Merritt* v. *Bartholick* (36 N. Y. 44, at p. 45): " As a mortgage is but an incident to the debt which it is intended to secure  *  *  *  the logical conclusion is, that a transfer of the mortgage without the debt, is a nullity, and no interest is acquired by it. The security cannot be separated from the debt, and exist independently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions." (See, also, *Munoz* v. *Wilson*, 111 N. Y. 295, at p. 301; *Trimm* v. *Marsh*, 54 id. 599, at p. 607.)

If the plaintiff credits the purchase price of the mortgage, how can it thereafter recover said $5,000? It is the owner and holder of the note and mortgage. Therefore, if it sues for only $12,500, it is splitting its cause of action and may not thereafter recover the amount credited. (*Bergen* v. *Urbahn*, 83 N. Y. 49; *O'Dougherty* v. *Remington Paper Co.*, 81 id. 496, 499.)

The plaintiff is entitled to a judgment for the full amount of the indebtedness, and the fact that such a judgment is more favorable to the plaintiff than that demanded in the complaint, does not preclude the court from rendering such judgment. (Civ. Prac. Act, § 479.)

The motion for summary judgment is granted without costs and judgment may be entered in the sum of $17,500 with interest at five per cent, from February 25, 1935.