JULIUS G. DAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96835.    Promulgated June 18, 1940.

*George E. H. Goodner*, *Esq.*, for the petitioner.
*Davis Haskin*, *Esq.*, for the respondent.

OPINION.

LEECH: Petitioner contends that inasmuch as the note given by him to the trustee is secured by an instrument under seal, it is a valid and enforceable obligation and the interest payments are consequently deductible. He states that under controlling Connecticut law (see *Sterling Morton*, 38 B. T. A. 1270), the consideration given for an instrument under seal may not be questioned, but must be conclusively presumed to exist. Hence, he says, the instant situation is controlled by *William Park*, 38 B. T. A. 1118, which held that, where by the law of a state the consideration for a note may not be questioned because the note is under seal, the note must be deemed evidence of an enforceable debt and the interest paid thereon must be allowed as a deduction.

This note is not, however, under seal. But even if it were, absence of consideration could be shown under the laws of Connecticut. See *St. Paul's Episcopal Church* v. *Fields*, 81 Conn. 670; 72 Atl.

145. The fact that the mortgage and the trust deed were sealed instruments, and the further fact that, in Connecticut, a seal imports consideration in such instruments as a release (*Dwy* v. *Connecticut Co.*, 89 Conn. 74; 92 Atl. 883), an option (*Hartford-Connecticut Trust Co.* v. *Divine*, 97 Conn. 193; 116 Atl. 239) or a quitclaim deed (*Monski* v. *Lukomske*, 118 Conn. 635; 173 Atl. 897), do not foreclose our inquiry into the existence of consideration for the note here.

There is no promise to pay contained in either the mortgage or the trust instrument. The mortgage constitutes the security for the note, but it is the note itself which evidences the debt, if any. It is the general rule, moreover, that there can be no valid mortgage without a valid debt, and if the note is unenforceable, the mortgage falls with it. *Hendrie* v. *Hendrie*, 94 Fed. (2d) 534; *Lee* v. *Macon County Bank*, 233 Ala. 522; 172 So. 662; *Rogers* v. *Snow Bros. Hardware Co.*, 186 Ark. 183; 52 S. W. (2d) 969; *Western Loan & Building Co.* v. *Scheib*, 218 Cal. 386; 23 Pac. (2d) 745; *Guaranty Title & Trust Co.* v. *Thompson*, 93 Fla. 983; 113 So. 117; *Thorin* v. *Marchi*, 287 Ill. App. 513; 5 N. E. (2d) 292; *Hoover* v. *Pennington*, 19 La. App. 779; 141 So. 517; *Sanger* v. *Bancroft*, 78 Mass. 365; *Spielman* v. *Albinson*, 183 Minn. 282; 236 N. W. 319; *Donovan* v. *Boeck*, 217 Mo. 70; 116 S. W. 543; *Shriver* v. *Sims*, 127 Neb. 374; 255 N. W. 60; *Pierson Co.* v. *Freeman*, 113 N. J. Eq. 268; 166 Atl. 121; *Title Guarantee & Trust Co.* v. *Nessle*, 296 N. Y. S. 270; *Red River National Bank* v. *Latimer*, 110 S. W. (2d) 232 (Tex. Civ. App.); *Tesdahl* v. *Collins*, 97 Pac. (2d) 649 (Wash.); *Doyon & Rayne Lumber Co.* v. *Nichols*, 196 Wis. 387; 220 N. W. 181. Consequently, we are here concerned only with the question of whether the note itself is enforceable.

Petitioner first urges that love and affection constitute valid consideration. Such is not the law. *Estate of Hugo Goldsmith*, 36 B. T. A. 1201; *Shriver* v. *Danby*, 12 Del. Ch. 84; 106 Atl. 122; *Bainbridge* v. *Hoes*, 149 N. Y. S. 20; *Shugart* v. *Shugart*, 111 Tenn. 179; 76 S. W. 821; *In re Smith's Estate*, 226 Wis. 556; 277 N. W. 141. Petitioner's second argument is that the trustee's agreement to accept and perform the trust was consideration for the note. But there is no evidence that the note was given in exchange for such services. In fact, there was no agreement that the trustee would receive anything for his services and no compensation was paid him. The record is also clear that petitioner intended to give his son $30,000 and that the note, mortgage, and trust were the means adopted for that end.

We think that this case is controlled by *Johnson* v. *Commissioner*, 86 Fed. (2d) 710. That case held that where a trust was set up composed solely of a note given without consideration, payments of interest on the note were wholly gratuitous and not allowable as

deductions from gross income. See also *Jamie A. Bennett*, 40 B. T. A. 745; *Sand Springs Railway Co.*, 21 B. T. A. 1291. The instant note was not backed by any valid consideration whatever. Our conclusion is that it constitutes an unenforceable obligation.

Petitioner contends, however, that the note is enforceable in any event to the extent of the collateral securing it, citing *William Park*, *supra* (now on appeal, C. C. A. 3d Cir.). It is true that in the *Park* case the Board stated that "a collateral note is enforceable, at least to the extent of the collateral, regardless of whether or not it is under seal. *Dando's Appeal*, 94 Pa. 76." However, the *Park* case was rested specifically on Pennsylvania law, whereas we are now concerned with Connecticut law. In the latter state it has been held that no action lies on a note and mortgage given without consideration. *Kane* v. *Kane*, 120 Conn. 184. In any event, we have been cited to no authority for, and decline to adopt, the position that a gratuitous promise is rendered enforceable by the *promisor's* act in giving security therefor. See Restatement of Contracts, § 75.[1]

Respondent's determination that the interest is not deductible is sustained. In view of this conclusion, it will not be necessary to pass upon the other grounds advanced by him in support of his position.

*Decision will be entered for the respondent.*

---

[1] (1) Consideration for a promise is (a) an act other than a promise or (b) a forebearance, or the creation, modification or destruction of a legal relation, or a return promise, bargained for and given in exchange for the promise.

(2) Consideration may be given to the promisor or to some other person. It may be given by the promisee or by some other person.

[Implicit in this definition is the thought that the promisor can not give consideration for his own promise.]