### In re Raymond VONDALL and Charlotte M. Vondall, Debtors.

Dwight R.J. Lindquist, Chapter 7 Trustee of the bankruptcy estate of Raymond J. Vondall, and Charlotte M. Vondall, Plaintiff,

v.

Household Industrial Finance Company, Raymond J. Vondall, Charlotte M. Vondall, and Wells Fargo Financial Bank, Defendants.

Bankruptcy No. 05–80690.
Adversary No. 06–4162.

United States Bankruptcy Court,
D. Minnesota.

Oct. 5, 2006.

Robert J. Hoglund, Hoglund Chwialkowski Greenman and Bergmani, Roseville, MN, for Debtors.

Barbara M. Ross, Esquire, Minneapolis, MN, for Plaintiff.

Eric D. Cook, Esquire, Woodbury, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came for hearing on September 13, 2006 on the plaintiff's motion for summary judgment against defendant Household Industrial Finance Company.[1] Barbara M. Ross appeared for the plaintiff and Eric D. Cook appeared for Household.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), (F), (K), and (O).

### FACTS

The material facts are not in dispute. The debtor's homestead is legally described as "Lot 13, Block 3, West River Estates Abstract Property." On October 24, 2004, the debtors executed a note and mortgage in favor of Household Mortgage. The mortgage incorrectly stated the legal description of the property as "Lot **B**, Block 3, West River Estates, Abstract Property. Tax Map or Parcel ID No. 36–118–21–21–0102 (emphasis added)." All of the lots in the block are described by numbers, and no lot in the block is described as Lot B. Household recorded its

mortgage on November 19, 2003. Due to the incorrect legal description, Household's mortgage was not recorded in the Hennepin County Tract Index. Household's mortgage *was* recorded in the Hennepin County Grantor–Grantee index, but the record contains the incorrect legal description of the property. On June 16, 2004, the debtors executed a second mortgage in favor of Wells Fargo Financial Bank. Wells Fargo's mortgage contained the correct legal description of the debtor's property.

The debtors filed a Chapter 7 bankruptcy petition on November 21, 2005, and Dwight Lindquist was appointed trustee. The trustee filed a complaint seeking, inter alia, to avoid Household's mortgage interest under 11 U.S.C. §§ 544 and 547. This motion asks for summary judgment under § 544. The trustee argues that because Household recorded its mortgage with an incorrect legal description of the property, it failed to provide notice of the mortgage to subsequent transferees. Therefore, the trustee argues that he may avoid Household's lien under 11 U.S.C. § 544 and preserve the lien for the benefit of the estate. Household does not dispute the error in the mortgage, but argues that the error is evident on the face of the document because no lots in the block are lettered. Therefore, a subsequent transferee would have notice of the error in the mortgage, and it would be incumbent on the transferee to conduct a more thorough investigation of the title. This investigation would disclose the proper legal description of the property because the parcel identification number in Household's mortgage is sufficient to allow a person to determine that

---

**1.** Wells Fargo Financial Bank is in default and the complaint seeks no relief against Raymond and Charlotte Vondall.

"Lot 13" is the mortgaged property instead of "Lot B".

## DISCUSSION

### SUMMARY JUDGMENT

Summary judgment as set forth in Rule 56(c)[2] is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if it has a real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court is required to view all evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings. *Trnka v. Elanco Prod. Co.*, 709 F.2d 1223, 1225 (8th Cir.1983).

*Burden of the Moving Party*

Procedurally, the movant has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record which show a lack of genuine issue. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265. The moving party must show the court that there is an absence of evidence to substantiate the nonmoving party's case. *Id.* at 325, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The movant discharges its burden by asserting that the record does not contain a triable issue and identifying that part of the record which supports the moving party's assertion. *City of Mt. Pleasant, Iowa v. Ass'n Elec. Coop.*, 838 F.2d 268, 273 (8th Cir.1988).

*Burden of the Non–Moving Party*

When the moving party has carried its burden under Rule 56(c), the burden of production shifts to the non-moving party, and it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, 89 L.Ed.2d 538. The non-moving party must go beyond the pleadings and by its own affidavits, depositions, answers to interrogatories, and admissions on file, establish that there are specific and genuine issues of material fact that warrant a trial. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548, 91 L.Ed.2d 265. The non-moving party must establish specific significant probative evidence supporting its case. *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990). If the evidence presented is merely colorable or is not significantly probative, the non-moving party has not carried its burden and the court must grant summary judgment to the moving party. *See* Fed.R.Civ.P. 56(e).

## THE TRUSTEE AS BONA FIDE PURCHASER

11 U.S.C. § 544(a)(3) states that:
The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property,

---

**2.** Made applicable here by Fed. R. Bank. P. 7056.

... whether or not such a purchaser exists.

In other words, the trustee has all of the rights and powers that a bona fide purchaser would have under state law, including the right and power to avoid a prior, unrecorded conveyance which is avoidable by an actual bona fide purchaser from the debtor. *See Joanis v. Wayzata Bank & Trust Co. (In re Investment Sales Diversified, Inc.)*, 49 B.R. 837, 843 (Bankr. D.Minn.1985).

In Minnesota, a bona fide purchaser is one who in good faith pays value for an interest in property without actual, implied, or constructive notice of inconsistent outstanding rights of others. *See Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 524 (Minn.1990). Minnesota law allows bona fide purchasers to avoid prior conveyances that have not been recorded in accordance with the law. Minn. Stat. § 507.34 ("Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded"). A mortgage is a conveyance of an estate as security for the payment of a debt that becomes void upon the payment of the debt. *See Spielman v. Albinson*, 183 Minn. 282, 236 N.W. 319, 320 (1931).

Because the trustee's actual notice of the existence of Household's mortgage is statutorily irrelevant, the trustee must have inquiry or constructive notice as to the existence of Household's mortgage in order for the lien to be unavoidable. If the trustee lacks such notice, then under Minnesota law the trustee, as a bona fide purchaser, may avoid Household's lien on the property.

## THE TRUSTEE LACKED CONSTRUCTIVE NOTICE

Constructive notice of the contents of a mortgage arises as a presumption of law from the existence of the record. *Bailey et al. v. Galpin*, 40 Minn. 319, 41 N.W. 1054, 1055–1056 (1889). It is equivalent to actual notice of what appears upon the face of the record to the party whom the law requires to search the record, regardless of whether the party has actual notice. *Id.* Constructive notice is strictly limited to that which is set forth on the face of a mortgage, and if the mortgage does not identify the property with reasonable certainty, then the mortgage does not provide constructive notice to subsequent purchasers. *Id.* at 1055. In order to have constructive notice of a defect in a legal description, it must be apparent from the face of the record that the defect exists. *Howard, McRoberts & Murray v. Starry*, 382 N.W.2d 293, 296 (Minn.Ct.App.1986).

The record fails to provide constructive notice of Household's recorded mortgage to subsequent transferees. The document unambiguously indicates that Lot B is the mortgaged property. The error prevents the mortgaged property from being identified with reasonable certainty, and the error is not apparent on the face of the mortgage. Only if a transferee had knowledge that the lots in the block were numbered rather than lettered would the transferee realize that Household's mortgage contained an error. However, the knowledge that the lots in the block are numbered can only be obtained from records that lie outside the Hennepin County Grantor–Grantee Index. The law does not impute knowledge of these records to the transferee.

Even if a transferee knew that the lots in the block were numbered rather than lettered, the record would not provide constructive notice of the mortgage. In *Bank of Ada v. Gullikson*, the court held that a mortgage which misstated the proper addition in which the property was located provided no constructive notice to a subsequent judgment creditor because it was impossible to tell from the face of the mortgage whether the mortgages misstated the plat, block, or addition. 64 Minn. 91, 66 N.W. 131, 132 (1896). In this case, there is no way to tell from the face of the mortgage whether the mortgage misstates the lot, block, or plat. Even if a transferee knew that the lots in this particular block were numbered, the transferee would not know from the record that the mistake was in the lot rather than the block or plat. Thus, the record provided no constructive notice of the mortgage.

## THE TRUSTEE LACKED INQUIRY NOTICE

 "Implied notice is a presumption of fact ... [It] relates to what one can learn by reasonable inquiry. It arises from actual notice of circumstances, and not from constructive notice." *Charles v. Roxana Petroleum Corporation*, 282 F. 983, 988–989 (8th Cir.1922). Implied notice charges a person with notice of everything that he could have learned by inquiry where there is sufficient notice to put him on guard and excite attention. *Id.* at 989.

 Household argues that the trustee would have had inquiry notice of Household's mortgage because the trustee would have had a duty to ask the debtors about the existence of any mortgages on the property. However, this is not what inquiry notice requires. Inquiry notice provides notice when the circumstances surrounding the property are suspicious enough to cause a reasonable person to question the status of the property. In fact, the whole law of bona fide purchasers presumes dishonesty by the grantor. Inquiry notice arises out of the facts, and is not a presumption of law. Household has failed to demonstrate circumstances surrounding the debtor's property that would cause a reasonable person to question the ownership of the property. Therefore, the trustee had no inquiry notice of Household's mortgage. In addition, the trustee's rights are "as of the commencement of the case," so any inquiry that a trustee would do, which would necessarily come after commencement of the case and would inconsistent with the proviso that the trustee's knowledge is irrelevant.

Because the trustee lacked constructive and inquiry notice of Household's mortgage and the trustee's actual knowledge of Household's mortgage is irrelevant, the trustee may avoid Household's mortgage.

## PRESERVATION OF THE LIEN

 "Any transfer avoided under section ... 544 ... of this title, is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. This preservation occurs automatically and requires no court order.

## THE TRUSTEE'S RECOVERY

 The trustee asks for recovery of the avoided transfer. "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property." 11 U.S.C. § 550. Although the bankruptcy court has discretion under section 550(a) to remedy a preferential transfer by ordering either the property or its value returned to the bankruptcy estate, the court does not have discretion

200

to order neither remedy. *See Halverson v. Le Sueur State Bank (In re Willaert)*, 944 F.2d 463, 464 (8th Cir.1991). However, avoidance of a grant on a security interest is sufficient to recover the transferred property. *See Stalnaker v. DLC, Ltd. (In re DLC, Ltd.)*, 295 B.R. 593, 602 n. 7 (8th Cir. BAP 2003).

In his motion, the trustee asks for a money judgment against Household. Once a mortgage has been avoided, it is automatically preserved for the benefit of the estate. *See* 11 U.S.C. § 551. Household therefore loses its secured interest to the trustee and can no longer collect the value of its secured claim from the property. The debtors have received a discharge so Household cannot recover its claim from the debtors. If Household pays the trustee the value of its secured interest, Household's payment does not revive its secured interest, and § 551 still grants the trustee the value of Household's lien. Ordering Household to pay the trustee the value of its secured claim would allow the trustee to collect twice on Household's secured claim—once from Household and again by realizing on his preserved mortgage. Similarly, Household will have paid twice and lost all its remedies. Although Household will lose its secured claim because of the error in its mortgage, there is no reason to penalize Household double the value of its secured interest by requiring it to pay the trustee. Therefore, the trustee's request for a money judgment against Household is denied.

### ORDER

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for summary judgment is granted.

2. The debtor's grant of a mortgage to defendant Household Industrial Finance Company on the real property legally de-

scribed as "Lot 13, Block 3, West River Estates Abstract Property" is void.