SAMUEL P. DAVIDSON, PLAINTIFF IN ERROR, v. JOHN A. COX, DEFENDANT IN ERROR.

**Real Property:** MORTGAGE: COVENANT. In this state, a mortgage of real estate is a mere pledge or collateral security creating a lien upon the mortgaged property, but conveying no title nor vesting any estate, either before or after condition broken. The covenants running with the land therefore do not pass to the mortgagee as assignee.

RE-HEARING of the case reported in 10 Neb., 150, where it is stated at length.

*Davidson & Easterday*, for plaintiff in error. A mortgagee, under a mortgage containing covenants of warranty, so far as is necessary to protect his interest, is entitled to the benefits of the covenants as completely as a grantee under a deed containing such covenants. Rawle on Covenants, pp. 26, 27, 29, 32, 344, 346. 2 Wash. Real Prop., 159. *White v. Whitney*, 3 Met., 81. *Harper v. Perry*, 28 Ia., 58. *Lockwood v. Sturdevant*, 6 Conn., 378. *Wright v. Sperry*, 21 Wis., 334. *Lloyd v. Quimby*, 5 Ohio St., 262.

*B. F. Perkins*, for defendant in error. The covenant of warranty relates only to the condition of the *title*. A mortgage conveys no title, vests no estate, but is a mere pledge or security. *Hurley v. Estes*, 6 Neb., 386.

MAXWELL, CH. J.

This is an action by a junior mortgagee upon a covenant of warranty in the deed of the grantor of the mortgagor. The plaintiff alleges in his petition that on the twenty-first day of April, 1876, the defendant conveyed to one Elizabeth L. Richards, the north-east

quarter of the north-east quarter of section 5, in township No. 6 north, of range 10 east, by warranty deed; that by said deed the defendant covenanted with said Richards that he held said premises by good and lawful title; that he had good right and lawful authority to sell the same, and that they were clear and free from all liens and incumbrances whatsoever; and further covenanted to warrant and defend the same against the lawful claims of all persons whomsoever; that on the twenty-first day of April, 1876, Richards mortgaged said premises to the plaintiff to secure the sum of $40, with interest, which mortgage was duly recorded; that said mortgage contained covenants of general warranty; that notwithstanding the covenants in said deed and mortgage, there existed prior to the twenty-first of April, 1876, certain mortgages on said premises to P. D. Cheney and others, which were foreclosed on the sixteenth day of October, 1877, and said premises ordered sold; that under said decree said premises were sold, and the sale thereof confirmed, but the proceeds of said sale were applied exclusively to the payment of said senior mortgages, and that the whole amount due the plaintiff on the mortgage from Mrs. Richards is unpaid, and that she is insolvent. It is also alleged that the purchaser is in possession of the premises in question. No relief is sought against Richards. The plaintiff asks for a judgment against Cox for the sum of $40, with interest from the twenty-first day of April, 1876.

A covenant of warranty runs with the land, and may be availed of by suit in his own name by any one to whom the same shall come by deed. 3 Wash. on Real Property (4th Ed.), 469. The action for breach of the covenant should be brought by him who is the owner of the land; and as such the assignee of the covenant at the time it is broken. Id. Kent says: "They (the

covenant of warranty and for quiet enjoyment) are therefore in the nature of real covenants, and they run with the land conveyed, and descend to heirs, and vest in the assignees or the purchaser." 4 Kent Com., 471.

Does a mortgagee in this state take such an estate in the lands mortgaged as to make him the assignee of the covenants in deeds prior to his mortgage?

In *Kyger v. Ryley*, 2 Neb., 28, it is said: "The mortgage is a mere pledge or collateral security, creating a lien upon the mortgaged premises, but conveying no title or vesting no estate, either before or after condition broken." And this doctrine was adhered to in *Webb v. Hoselton*, 4 Neb., 318. *Hurley v. Estes*, 6 Id., 386. *Union Mutual Life Insurance Co. v. Lovitt*, 10 Id., 301. The mortgagee therefore does not become the assignee of the covenants running with the land, and cannot maintain an action thereon. He may maintain an action on the covenants in his mortgage, but this he does not seek to do. The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.