MARGARET BOYD V. R. M. MUNSON ET AL.

FILED OCTOBER ·5, 1898.   No. 8316.

Joint Judgment: MOTION TO VACATE: PARTIES.  Under the provisions of section 1001, Code of Civil Procedure, a motion to set aside a joint judgment against two or more defendants inseparably connected as such, should be overruled, when made by one defendant on his or her own behalf alone.

ERROR from the district court of Brown county. Tried below before KINKAID, J. *Affirmed.*

*L. K. Alder,* for plaintiff in error.

*P. D. McAndrew, contra.*

RYAN, C.

In the county court of Brown county R. M. Munson filed his bill of particulars, upon which he sought to recover judgment against Cyrus Boyd and Margaret Boyd in the sum of $126.81, for goods sold and delivered

to defendants. A summons was issued and duly served upon defendants, and a joint judgment was, in proper time, rendered by default against said defendants. Afterward, Margaret Boyd filed a motion to set aside the judgment against her because said judgment had been rendered against her in her absence. This motion, which contained an offer to confess judgment for costs, was filed within the time fixed in section 1001, Code of Civil Procedure, and Margaret Boyd, by her error proceeding in the district court, ineffectually sought to reverse the ruling of the county judge denying her motion, and the correctness of this ruling in the district court is presented by her petition in error in this court.

It has been held by this court that a motion for a new trial, when made jointly by two or more persons, if it cannot be sustained as to all, must be overruled as to all. (*Gordon v. Little*, 41 Neb. 250, and cases cited.) The principle on which the cases above referred to was decided leads us to the conclusion that when judgment has been rendered against two or more defendants inseparably connected, a motion by one defendant to set aside the judgment as to himself alone should be overruled. The judgment of the district court is, therefore,

AFFIRMED.