MICHAEL J. LYDON *vs.* JOHN L. CAMPBELL & another.

Suffolk. December 4, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mortgage*, Discharge, Assignment. *Payment. Equity Pleading and Practice*, Bill.

One who had received a conveyance of real estate subject to a mortgage, and had assumed, and agreed with his grantor to pay, the mortgage note, made such payment to the holder of the mortgage, who, at his request, delivered to him an assignment of the mortgage which named as assignee a person who previously had had no interest in the mortgage or in the property and who knew nothing

of and paid nothing for the assignment. The assignment having been recorded but never delivered to the assignee, the owner died testate, and by his will devised the property to his son subject to the mortgage which, the will stated, the son was "to assume and to pay." The person named as assignee of the mortgage brought a bill in equity to foreclose the mortgage against the son to whom the property was devised. *Held*, that the bill must be dismissed, since the mortgage debt was extinguished, having been paid by one who thus discharged an obligation imposed upon him by the deed under which he took the property; and that what purported to be an assignment must be held to be a release.

The allegations of a bill in equity were that the plaintiff was one of the assignees of a mortgage of real estate, that one of the defendants (of whom there were two) was a co-assignee, that the two defendants were owners of the real estate subject to the mortgage, that by the terms of the mortgage the holder thereof upon a breach of its conditions was entitled to sell the property at public auction, that there had been a breach of the mortgage in non-payment of principal and interest and failure to insure, and that that one of the defendants who was co-assignee with the plaintiff refused to join with the plaintiff in effecting a sale of the premises by public auction. The prayers were that a sale be ordered and that the plaintiff's share of the proceeds from such sale be paid to him, that the defendants be enjoined from conveying their interest and be required to show cause why the sale prayed for should not be ordered, that that defendant who was the plaintiff's co-assignee "be required to account" to the plaintiff, and "for such other relief as may be deemed proper." The judge who presided at the hearing on the bill found that the father of the defendants, who had received title to the property subject to the mortgage, which he assumed and agreed to pay, paid it, but that, at his request, the holder of the mortgage executed and delivered to him an assignment in terms running to one of the defendants and to two other persons whose interest the plaintiff held, and that he then died testate, by his will leaving the property to his two sons, the defendants, "subject nevertheless to the mortgage thereon, which mortgage and other charges and incumbrances affecting the same, at my death my two sons are to assume and to pay." The plaintiff contended that, although the bill might not be entertained as a bill to foreclose the mortgage under·its terms, still, by the terms of the will, the amount of the mortgage debt was a charge upon the land in the hands of the defendants, and that the bill was broad enough to authorize a decree declaring a lien upon the land for the amount claimed. *Held*, that, under the bill as it then was, such contention of the plaintiff was not before this court for determination.

BILL IN EQUITY to foreclose a mortgage, filed in the Superior Court for the county of Suffolk March 20, 1906.

The bill alleged that the plaintiff was one of the assignees of a mortgage of premises on Second and A Streets in that part of Boston called South Boston, made by Frank Campbell to John Cummins in 1873 to secure the payment of $3,500; that the defendant James Campbell was a co-assignee of the mortgage with the plaintiff; that the defendants James and John L. Campbell were the owners of the premises subject to the mortgage; that, by the terms of the mortgage, in case of a breach the mortgagee

or his assignees were empowered to sell the premises at public auction; that there had been a breach of the mortgage in the non-payment of principal and interest and in failure to insure, but the respondent James Campbell refused to join with the plaintiff in effecting a foreclosure sale by public auction. The prayers of the bill were for a decree that the premises be sold at public auction for breach of condition of the mortgage, that the plaintiff be paid his share of the proceeds of such sale, that the defendant James Campbell be enjoined from discharging the mortgage or conveying his interest in the premises, that he be required to show cause why the premises should not be sold as prayed for, " and that he be required to account to " the plaintiff, that the defendant John L. Campbell be enjoined from conveying his interest in the premises and that he be required to show cause why the premises should not be sold as prayed for, " and for such other relief as may be deemed proper."

There was a hearing before *Lawton*, J. It appeared that Frank Campbell, the mortgagor, conveyed the mortgaged premises to Patrick Campbell by a warranty deed which contained the recital, " This conveyance is made subject to a mortgage for the sum of thirty-five hundred dollars, which mortgage and the interest accrued and to accrue thereon the grantee agrees to assume and pay and save the grantor harmless and indemnified therefrom." The mortgage by mesne assignments became the property of one Richards, trustee. August 8, 1892, he executed and delivered to Patrick Campbell a deed of assignment of the mortgage, which in terms assigned it to Carrie F., Catherine C., and James H. Campbell. (James H. Campbell was the defendant described as James Campbell.) The plaintiff, the husband of Carrie F., acquired the interests of Carrie F. and Catherine C. under the last assignment.

Patrick Campbell died testate in 1898. His will contained the following clause with reference to the real estate in question : " Sixth, I give, devise and bequeath to my two sons, John and James, [the defendants] to have and to hold to them and their heirs and assigns all that part and parcel of real estate and all appurtenances thereto belonging [describing the premises in question], but subject nevertheless, to the mortgage thereon, which mortgage and other charges and incumbrances affecting

the same, at my death my two sons aforesaid are to assume and to pay."

On facts which warranted his doing so, the judge found as follows: " At the time of the making of the assignment of Henry C. Richards, trustee, to Carrie F., Catherine C. and James H. Campbell the three assignees were the minor children of the owner of the property, Patrick Campbell. It is apparent and I find that at that time Patrick Campbell paid the mortgage in full but took, instead of a release, the assignment just mentioned, the consideration of which was expressed to be $2500, that being the amount of the balance due and at that time paid on the mortgage. This assignment he kept possession of till his death, and it does not appear that he ever mentioned it to either of the assignees except on one occasion he showed it to Carrie F., wife of the plaintiff, and said something which possibly might be construed as an offer to give it to her. It seems evident, as was suggested at the hearing, that the father was trying to make a testamentary gift of $2500 to the three children, a theory confirmed by the fact that he devised the property in question as subject to this mortgage. Whatever his idea, however, nothing appears here to control the finding that he paid the mortgage in full and thereby extinguished it."

The judge therefore ordered the bill dismissed and, at the request of the parties, reported the case for the consideration of this court.

The case was submitted on briefs.

*H. Parker, H. H. Fuller & W. Flaherty,* for the plaintiff.

*J. F. Lynch,* for the defendant John L. Campbell.

HAMMOND, J.   Under the circumstances disclosed in the record, the payment of the mortgage debt by Patrick Campbell with his own money, in discharge of the obligation imposed upon him by the deed under which he held the property, was an extinguishment of the mortgage debt; and that is so even if there be an assignment of the mortgage with the intent to keep it alive.   The doctrine is thus stated by Shaw, C. J. in *Brown* v. *Lapham,* 3 Cush. 551, 554, 555: " If the money is advanced by one whose duty it is, by contract or otherwise, to pay and cancel the mortgage, and relieve the mortgaged premises of the lien, a duty in the proper performance of which others have an interest,

it [the writing given upon the payment] shall be held to be a release, and not an assignment, although in form it purports to be an assignment. When no such controlling obligation or duty exists, such an assignment shall be held to constitute an extinguishment or an assignment according to the intent of the parties; and their respective interests in the subject will have a strong bearing upon the question of such intent."

This case is governed by the first rule above laid down. At the time of the payment, there was no intervening estate or interest between the interest of the mortgagee and that of the owner of the equity. The mortgage debt having been extinguished by the payment under these circumstances, the owner of the equity could not keep it alive even by causing an assignment to be made, even to a third party who contributed in no way to the payment. Among the cases bearing upon the general question, see *Carlton* v. *Jackson*, 121 Mass. 592, and cases there cited; *McCabe* v. *Swap*, 14 Allen, 188; *Putnam* v. *Collamore*, 120 Mass. 454. There being no outstanding mortgage, the bill cannot be maintained as a bill for foreclosure.

It is urged that, even if the mortgage debt has been paid, yet it sufficiently appears that the testator supposed it was a lien upon the land, and that by his will he intended to make the amount which should have been due upon the debt, if it had not been paid, a charge upon the land in the hands of the devisees, his sons John and James; that the devisees, having accepted the devise, hold it subject to the charge, and that the bill is broad enough to authorize a decree declaring a lien upon the land for the amount claimed. But we think that the whole framework of the bill is inconsistent with that view of the case, and that in the present form of the bill this view of the plaintiff's rights is not before us for determination.

*Bill dismissed.*