CAROLINE F. LYDON & another *vs.* JOHN L. CAMPBELL & another.

Suffolk.   November 29, 1909. — February 21, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Mortgage,* Of real estate.   *Payment.   Devise and Legacy.   Equity Jurisdiction,* To enforce charge on real estate.   *Trust.   Interest.*

If one who has taken a conveyance of real estate subject to a mortgage, which he has assumed and agreed to pay, afterwards pays to the holder of the mortgage the amount of the mortgage debt in full, and, instead of demanding a discharge of the mortgage, procures from the holder an assignment of the mortgage to certain persons named by him who pay nothing for the assignment, and to whom he never delivers the assignment although he causes it to be recorded, both the mortgage note and the mortgage are extinguished by the payment, and the assignment operates only as a release. Following *Lydon* v. *Campbell,* 198 Mass. 29.

In a suit in equity by two daughters of a testator against two brothers of the plaintiffs, who had received under the will of their father a devise of certain real estate, to charge such real estate with a legacy of $2,500 to the plaintiffs, it appeared that the testator had acquired title to the real estate subject to a mortgage which he assumed and agreed to pay, and that afterwards he paid to the holder of the mortgage the full amount of $2,500 which then was due upon it, and, instead of demanding a discharge of the mortgage, took from the holder an assignment of the mortgage to the plaintiffs, which recited as a consideration the payment of $2,500. The testator caused the assignment to be recorded and then kept it in his possession until his death. By his will he left to the defendants the real estate in question "but subject nevertheless to the mortgage thereon, which mortgage and other charges and incumbrances affecting the same at my death, my two sons aforesaid are to assume and to pay." By the preceding clause of his will, the testator had dealt with another parcel of mortgaged real estate in a similar manner. The plaintiffs, besides showing these facts, offered oral evidence to show the intention in the mind of the testator when he procured the assignment of the mortgage and made the devise to the defendants subject to the clause quoted above. *Held*, that, although the oral evidence was not competent for the purpose for which it was offered, the situation of the testator when he made his will and thereafter and the circumstances then existing and known to him might be considered in interpreting his language and were competent evidence, and that the facts properly in evidence showed that, when the testator devised the real estate to the defendants subject to the mortgage which they were to assume and pay, he intended to make the property subject to a charge in favor of the plaintiffs for the sum of $2,500, the amount which appeared to be due to them by the terms of the assignment of the mortgage, although the mortgage debt had been extinguished, and that the defendants by accepting the devise subjected themselves to the liability of having the charge enforced against the property, so that it was not necessary to consider whether they could be held liable personally for the amount; and it was ordered that the real estate should be sold to produce the amount due to the plaintiffs unless the defendants should redeem it by paying the amount of the charge. *Held*, also, that the charge for the amount of $2,500, apparently due under the mortgage, must include interest on that amount from the time of the death of the testator at the rate stipulated in the mortgage note.

BILL IN EQUITY, filed in the Superior Court on June 23, 1908, by Caroline F. Lydon, wife of Michael J. Lydon, and Catherine P. Campbell, the two being daughters of Patrick Campbell, late of Boston, against John L. Campbell and James H. Campbell, the last named defendant being a son of Patrick Campbell and the brother of the plaintiffs.

The bill alleged that by the will of Patrick Campbell there was bequeathed to the plaintiffs and to the defendant James Campbell the sum of $2,500 as stated in a certain note, with interest thereon, which note formerly had been secured by a mortgage on certain property devised to the defendants by that will; that the legacy to the plaintiffs was by the terms of the

will charged upon certain lands therein devised to the defendants, subject to such charge, and described in the will, as follows : "all that part and parcel of real estate and all appurtenances thereto belonging situated at the corner of A and Second streets in that part of Boston called South Boston and now numbered 88 and 90 on said Second street; " that the defendants accepted the devise and entered upon and occupied the parcel of land so devised to them, claiming title thereto by virtue of the devise ; that the plaintiffs demanded payment from the defendants of the amount of their legacy so charged on such lands, but that the defendants refused to pay to the plaintiffs any part of the legacy due to them and charged upon the estate devised to the defendants, and that the plaintiffs never received any sum whatsoever on account of the legacy.

The bill prayed for an injunction restraining the defendants from making any conveyance or assignment of the property until the further order of the court; and for a decree establishing a charge upon the property in the amount of $2,500 with such interest as might be due thereon in favor of the plaintiffs and the defendant James Campbell; also praying that the charge should be enforced by an order that the property should be sold for the benefit of the persons entitled to the charge ; and for further relief.

The will of Patrick Campbell contained the following devise : "Sixth.  I give, devise and bequeath to my two sons John and James to have and to hold to them and their heirs and assigns all that part and parcel of real estate and all appurtenances thereto belonging situated at the corner of A and Second streets in that part of Boston called South Boston and now numbered 88 and 90 on said Second street, but subject nevertheless to the mortgage thereon, which mortgage and other charges and incumbrances affecting the same at my death, my two sons aforesaid are to assume and to pay."

The property described in the foregoing clause was bought by Patrick Campbell in 1875, subject to a mortgage for $3,500, which he agreed to assume and pay.  In 1892 there remained $2,500 still unpaid on the mortgage, and Patrick Campbell then paid this amount to one Richards, trustee, the holder by assignment of the mortgage, and took from Richards an assignment of

the mortgage, the consideration of which was expressed to be $2,500, in favor of the plaintiffs and the defendant James H. Campbell, who then were minor children. This assignment was recorded, and remained in the possession of Patrick Campbell until his death in 1898.

In a suit in equity brought on March 20, 1906, by Michael J. Lydon to foreclose the mortgage mentioned above, which was reported for determination by this court, it was held, in a decision reported in 198 Mass. 29, that the payment of the mortgage debt by Patrick Campbell, in discharge of the obligation imposed upon him by the deed under which he held the property, was an extinguishment of the mortgage debt, even if an assignment of the mortgage was made with the intent to keep it alive; and the bill to foreclose the mortgage accordingly was dismissed.

The present case came on to be heard before *Dana,* J. By agreement of counsel the case was heard on the report of the previous suit to foreclose the mortgage as made to this court by *Lawton,* J. The memorandum of his decision contained in that report included the following findings:

"At the time of the making of the assignment of Henry C. Richards, trustee, to Carrie F., Catherine C. and James H. Campbell the three assignees were the minor children of the owner of the property, Patrick Campbell. It is apparent and I find that at that time Patrick Campbell paid the mortgage in full but took, instead of a release, the assignment just mentioned, the consideration of which was expressed to be $2,500, that being the amount of the balance due and at that time paid on the mortgage. This assignment he kept possession of till his death, and it does not appear that he ever mentioned it to either of the assignees except on one occasion he showed it to Carrie F., wife of the plaintiff, and said something which possibly might be construed as an offer to give it to her. It seems evident, as was suggested at the hearing, that the father was trying to make a testamentary gift of $2,500 to the three children, a theory confirmed by the fact that he devised the property in question as subject to this mortgage. Whatever his idea, however, nothing appears here to control the finding that he paid the mortgage in full and thereby extinguished it."

The fifth clause of the will of Patrick Campbell, referred to in the opinion, was as follows:

" Fifth. I further give, devise and bequeath to my loved daughters Mary Blanche Campbell and Caroline Frances Campbell to have and to hold to them and their heirs as tenants in common all that part and parcel of real estate with the appurtenances thereto belonging situated on Dorchester Avenue and now numbered 574 and 576 on said Dorchester Avenue, in that part of Boston called South Boston, but subject to the mortgage thereon in their names and said Mary shall pay unto said Caroline the sum of one thousand dollars and thereupon the said Mary and said Caroline shall join in discharging the aforesaid mortgage which mortgage is recorded with Suffolk Deeds liber 2290 folio 49."

*Dana*, J., reported the case upon the pleadings and the agreed facts for determination by this court, such decree to be entered as justice and equity required.

*H. Parker & H. H. Fuller*, for the plaintiffs, submitted a brief.

*J. F. Lynch*, for the defendants.

SHELDON, J. It is settled that when Patrick Campbell paid the amount remaining due upon the mortgage which by the terms of the deed to him he had assumed and agreed to pay, that payment extinguished the mortgage. The assignment which he took from the holder of the mortgage and which ran to the plaintiffs, but for which they had paid nothing, took effect only as a release. His payment was a payment of his own debt, made his own by his agreement to assume and pay it. The note and mortgage both stood as if they had been given by himself, and they were extinguished by his payment. *Lydon* v. *Campbell*, 198 Mass. 29. But that circumstance is not decisive of the claim made in this action.

We do not consider the parol evidence which was offered to show the actual intention in the mind of Patrick Campbell when he procured the making of this assignment, and when in the sixth clause of his will he devised the land to his sons the defendants, " subject nevertheless to the mortgage thereon, which mortgage . . . my two sons aforesaid are to assume and to pay." This evidence was not competent for the purpose for which it

was offered. *Warren* v. *Gregg*, 116 Mass. 304. *Farnham* v.
*Barker*, 148 Mass. 204. *Best* v. *Berry*, 189 Mass. 510. But the
situation of the testator when he made his will and thereafter,
and the circumstances then existing and known to him, are
material to be considered in interpreting his language, and may
be shown in evidence. *George* v. *George*, 186 Mass. 75. *Faulk-
ner* v. *National Sailors' Home*, 155 Mass. 458. He had paid the
debt secured by this mortgage, but he had procured it to be ap-
parently kept alive and assigned to the plaintiffs. On the face
of the papers which he had caused to be executed, and in appear-
ance, though not in reality, the note and mortgage were con-
tinued in existence with an unpaid balance due upon them,
and held by the plaintiffs as nominal assignees thereof. This
was the state of affairs as known to him when he made his
will and continuously thereafter until his death. And there
was apparently no other mortgage upon this estate, and this
also must be taken to have been known to him. Under these
circumstances he devised the land to the defendants, with the
express statement in the devise that it was subject to the mort-
gage which they were to assume and pay. It is impossible to
read his language without becoming convinced that he intended
to make the estate devised to the defendants subject to a charge
of $2,500, the amount apparently due upon the note and mort-
gage, in favor of the plaintiffs, to be paid to them by the de-
fendants. *Loring* v. *Sumner*, 23 Pick. 98. *Wilbar* v. *Smith*,
5 Allen, 194. His assumption of the original debt had made
it his own debt within the principle stated by Lathrop, J., in
*Woods* v. *Gilson*, 178 Mass. 511, 518. When the defendants
accepted the devise, they subjected themselves to the liabil-
ity of having it enforced by proper proceedings against them.
Whether they could be held personally liable for the amount,
we need not consider. *Nudd* v. *Powers*, 136 Mass. 273. As
the intent of the testator is clear and is not inconsistent with
any rule of law, it is to be given full effect. *Bacon* v. *Gassett*,
13 Allen, 334, 337. *McCurdy* v. *McCallum*, 186 Mass. 464,
469. *Crapo* v. *Price*, 190 Mass. 317, 320.

There is nothing in the fifth clause of the will, construed in
connection with the facts which it was agreed that the defendant
John L. Campbell could show, and which were competent for

the reason already stated, which is at variance with our conclusion. On the contrary, that conclusion is strengthened by the fact that the testator dealt with other property and with a former mortgage upon that other property, just as he did with that which is before us. It seems probable that both of these dispositions were made in order to bring about what he deemed a proper distribution of his property among his children. *Sibley* v. *Maxwell*, 203 Mass. 94.

As the charge upon the estate is for the amount apparently due upon the note, it must include also interest upon that amount since the death of the testator, at the rate stipulated in the note. It is only since that time that the charge has been in existence. And as this is a charge upon the whole estate in the same manner and to the same extent as was the original mortgage, the plaintiffs are entitled to a decree ordering that the land shall be sold for their benefit, unless the defendants shall redeem it by paying the amount of the charge. The defendant John L. Campbell alone should be charged with costs, as the other defendant does not appear to have contested the claim of the plaintiffs.

*Ordered accordingly.*