HAYNES PETROLEUM CORPORATION v. J. A. TURLINGTON.

(Filed 18 March 1964.)

**1. Principal and Agent § 5—**

Ordinarily a collecting agent has authority to accept only money or legal tender, but when a check accepted by the agent is duly paid the principal is bound regardless of whether the agent gets the actual cash or only a credit at the bank to his own account.

**2. Same—**

Where the evidence discloses that a collecting agent also operated a separate business owned by him and that payments on account for monies due the principal were made to the agent by checks, some of which were made payable to the principal and some to the agent's business, but further that the agent had authority to accept checks payable to his individual business provided he endorsed them over to the principal, *held*, the agent's authority being admitted, payment to the agent constituted in law payment to the principal, and, in the absence of notice the payer was not under duty to see to the application of payment.

APPEAL by plaintiff from *Bundy, J.,* November 1963 Session of PITT.

*Blount & Taft and Fred T. Mattox for plaintiff.*
*No counsel contra.*

MOORE, J. Plaintiff sues on an open account for merchandise sold and delivered. Plaintiff alleges that there is a balance due of $1525.49, demand was made and payment refused. Defendant admits that he purchased and received all of the items charged to him except one, alleges payment in full, and counterclaims for overpayment of $329.56.

Plaintiff corporation is engaged in the business of selling petroleum products through its bulk plant in the town of Fountain, North Carolina. From August 1960 through November 1961 defendant operated a sawmill in the area and purchased diesel fuel, gasoline and other products from plaintiff. The merchandise was delivered to defendant by James B. Fountain, Jr., who was in charge of plaintiff's plant. There is evidence that James B. Fountain, Jr. also operated, under the name of Fountain Enterprises, a separate service station business in front of plaintiff's plant on land belonging to plaintiff. Mr. W. F. Haynes, president of plaintiff—Haynes Petroleum Corporation—testified: "Fountain Enterprises was an individual, James B. Fountain, Jr. . . . Fountain Enterprises is a distinct and separate entity from Haynes Petroleum Corporation. This station (Fountain Enterprises) . . . was an entirely independent corporation entity . . ."

Defendant contends that he was not credited with ten payments aggregating $1691.23 which were made to Mr. Fountain. He introduced in evidence ten cancelled checks, three of which were made payable to Haynes Petroleum Corporation, one payable to Fountain Enterprises and endorsed for deposit to Haynes Petroleum Corporation, and six payable to Fountain Enterprises.

Defendant testified that he bought petroleum products only from Haynes Petroleum Corporation and that he did not make purchases of any kind from Fountain Enterprises. To explain why some checks were made payable to Haynes Petroleum Corporation while others were made payable to Fountain Enterprises, defendant said: "He (Mr. Fountain) made them out and I signed them. I don't know how they handled that. I never asked why they were payable that way."

Mr. Haynes, president of plaintiff corporation, testified:

"I do not know whether Mr. Turlington (defendant) received cash for those checks not reflected on the account. Mr. Fountain worked for me from the Spring of 1960 until the Spring of 1962. He had authority to collect and deposit money for Haynes Petroleum Corporation. He had authority to deposit money (*sic*) made out to Fountain Enterprises if he endorsed it over to Haynes Petroleum Corporation just as anybody could any check. . . . Mr. Fountain had no authority to collect accounts for Haynes and deposit it in Fountain Enterprises. He did have authority to collect from Fountain Enterprises and deposit to the account of Haynes Petroleum Corporation."

After stating the contentions of the parties, the court charged the jury as follows:

"Now, gentlemen, if the defendant paid Fountain and Fountain was the plaintiff's agent, then that in law constituted paying the

plaintiff, for payment to its agent is payment to the principal. If Fountain didn't apply the money to the right place, didn't turn it over to Haynes and didn't deposit it to Haynes, then that's a matter between Haynes and Fountain."

A verdict was returned in favor of defendant on his counterclaim, and judgment was entered accordingly.

Plaintiff contends that the instruction quoted above is insufficient to inform the jury of the law arising on the evidence with respect to agency. It is argued that defendant had the burden and duty to use due diligence and prudence to ascertain whether Mr. Fountain was acting and dealing within the scope of his authority as agent of plaintiff, and defendant, being put on notice by the checks made payable to Fountain Enterprises and the endorsements thereon that Mr. Fountain might be misapplying the payments, would not be entitled to credit for such checks if he failed to make reasonable investigation as to the agent's authority to bind plaintiff in receiving them. (Plaintiff cites *Edgewood Knoll Apartments v. Braswell*, 239 N.C. 560, 80 S.E. 2d 653; *Williams v. Johnston*, 92 N.C. 532). In short, plaintiff contends that the court should have instructed the jury that the burden was on defendant to ascertain the agent's exact authority and to prove that Fountain was authorized to receive the particular payments in the manner and form in which they were made.

In the absence of special circumstances, the authority of an agent for collection is limited to the acceptance of money or legal tender. 3 Am. Jur., 2d, Agency, s. 138, p. 531. This rule is subject to an exception where the agent, although without authority to discharge the debt by acceptance of something other than money, actually realizes money on the thing taken by him. 94 A.L.R. 784. While it is generally recognized that an agent having authority to collect a debt has no authority to receive a check in payment, it is nevertheless held that, where he cashes the check and receives the money thereon, the principal is bound. *Kloewer v. Associates Discount Corp.*, 62 N.W. 2d 244 (Iowa 1954); Restatement of the Law, Agency, s. 178; 3 Am. Jur., 2d, Agency, s. 139, pp. 531, 532; 94 A.L.R. 786. Checks made payable to the order of an agent, which are cashed by him, are not different from payments made in cash so far as the legal effect of the transaction is concerned. *Zummach v. Polasek*, 227 N.W. 33 (Wis. 1929). The weight of authority seems to be that it is immaterial whether the agent gets the actual cash from presentation of the check or only a credit at the bank to his own account. 94 A.L.R. 791.

The existence of the agency relationship and the extent of the agent's authority are not at issue in the instant case. These matters were made

definite by the testimony of Mr. Haynes, president of plaintiff corporation. He testified in effect that Mr. Fountain was authorized to sell and deliver the merchandise on credit and to collect the account, and had authority to receive on behalf of plaintiff checks made out to Fountain Enterprises if they were endorsed over to Haynes Petroleum Corporation. From this it is clear that Mr. Fountain was acting within his authority in receiving checks payable to Fountain Enterprises as credits on the account of defendant with plaintiff, if they were given by defendant and received by Mr. Fountain for that purpose. The provision that the agent endorse them in favor of plaintiff and deposit them to the account of plaintiff placed no burden on debtor defendant to see to the proper application of the funds. As the judge stated, that was a matter between the principal and the agent. No duty rests upon a debtor, who makes a payment to an agent designated to receive it, to see that the money reaches the principal, if the debtor is without notice of an improper purpose or intention on the part of the collecting agent. *Shriver v. Sims,* 255 N.W. 60, 94 A.L.R. 779 (Neb. 1934). Three of defendant's checks were made payable to plaintiff, one payable to Fountain Enterprises was endorsed for deposit to plaintiff, five payable to Fountain Enterprises were endorsed in blank, and one payable to Fountain Enterprises and dated "6-17-1961" was not endorsed but had an entry on the back, "Credit account of the within named payee in Edgecombe Bank & Trust Co." This check dated "6-17-1961" was the last check which defendant made payable to Fountain Enterprises. The check or checks given by defendant after that date were made payable to Haynes Petroleum Corporation. There is no contention that the agent did not receive money for the checks. There is no evidence of timely notice to defendant that the agent had failed to account to plaintiff for the payments.

The jury was not concerned with the application of agency law. They were concerned with a simple factual controversy, whether the checks were given by defendant and received by Mr. Fountain as a credit on defendant's open account with plaintiff. They resolved this question in favor of defendant.

In the trial below we find

No error.