FARMERS UNION COOP ASSOCIATION, CEDAR BLUFFS, NEBRASKA, APPELLANT, v. COMMERCIAL STATE BANK, CEDAR BLUFFS, NEBRASKA, APPELLEE.
191 N. W. 2d 168

Filed October 29, 1971. No. 37926.

Dale D. Kuhlmann and William B. Craig, for appellant.

Yost, Schafersman, Yost & Lamme, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Defendant bank exchanged cash over the counter for two checks payable to plaintiff corporation. Plaintiff

claimed the proceeds on the ground of unauthorized endorsements by Lester J. Schulz, its general manager. The district court found generally against plaintiff. The question on appeal is whether the court erred in not finding or concluding that plaintiff had not authorized the transactions.

Only three witnesses testified: Raymond D. Grosse, defendant's vice president and cashier; Edward M. Farr, a director of plaintiff since March 1965 and president since 1968 or 1969; and Vern E. Le Grande, a director and secretary-treasurer of plaintiff at the time of trial in 1970.

A trier of fact might reasonably find as follows: The checks, dated in August 1965 and January 1968 for $573.62 and $695.62 were drawn by Fremont Cake & Meal Co. on a bank other than defendant. On each check Schulz stamped the endorsement "Pay . . . (defendant)." The drawee paid in due course.

Plaintiff in operating its business normally kept cash on hand for unspecified purposes. It maintained an active checking account with defendant. Signature cards authorized withdrawals only by Schulz and certain employees in his name. No resolution or by-law restricted or conferred authority other than the title "general manager" upon Schulz. Each month he submitted a written report of some sort to the president. The books of account were audited annually without certification.

Plaintiff discharged Schulz in March 1969 for undisclosed reasons. No shortage was discovered until some time after his death.

Defendant had no record of the transactions; it had not used cash-in or cash-out slips. Grosse, who had transacted no business with Schulz, an acquaintance, testified: ". . . We cashed many checks for this corporate entity . . .. They had their account there.. . . Funds were also withdrawn by them for cash to operate their business.. . . Q. Do you know whether . . . any . . . cashiers, in fact, were making payment in cash on

checks made payable to the co-op, to . . . Schulz? A. No, sir."

An unauthorized signature on commercial paper is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it. U. C. C., §§ 3-404 (1) and 10-102 (2); see former § 62-123, R. R. S. 1943; 5, Part 1, U. L. A., § 23, p. 224 (1943). The law of agency applies. U. C. C., § 3-403; Bailey, Brady on Bank Checks, § 15.15, p. 502 (4th Ed., 1969).

Authority is the power of the agent to effect legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him. Manifestation of consent includes acquiescence from which, in light of the circumstances, it is reasonable for another to infer consent. It may be one of several inferences. Restatement, Agency 2d, § 7 (1958).

An agent is not authorized to endorse commercial paper unless otherwise agreed or the endorsement is usually incident to performance of acts that he is authorized to perform for the principal. If within his authority he receives cash for endorsement and delivery of commercial paper payable to the principal, the payer is not responsible for payment of the amount to the principal or its application to the principal's uses. A payee engaged in business ordinarily should deposit collection items for credit to his account. See, U. C. C., § 3-403(1); Geyer v. The Walling Co., 175 Neb. 456, 122 N. W. 2d 230 (1963); Shriver v. Sims, 127 Neb. 374, 255 N. W. 60, 94 A. L. R. 779 (1934); Bailey, Brady on Bank Checks, § 15.15, pp. 504 to 507; Restatement, Agency 2d, §§ 73, 76, and 165, Comment e (1958).

Although evidence of Schulz's authority is exiguous, the district court committed no error in declining to find or conclude that plaintiff had not authorized the transactions.

The judgment is affirmed.

AFFIRMED.