SENTRY ENTERPRISES, INC., PLAINTIFF APPELLANT v. CANAL WOOD CORPORATION OF LUMBERTON, K. T. GOODSON, JR. AND DONNELL MOSELEY, DEFENDANT APPELLEES

No. 884SC675

(Filed 20 June 1989)

1. **Trespass § 7; Corporations § 8.1— sale of timber by corporation— authority of president to bind corporation— no trespass by timber cutting company**

The trial court properly granted summary judgment for defendant on plaintiff's trespass claim where plaintiff had three shareholders, all of whom knew that the land was to be cleared for a subdivision and that defendant was cutting and removing the timber; none of the officers, directors, or shareholders of plaintiff objected at any time to the timber being cut and

SENTRY ENTERPRISES, INC. v. CANAL WOOD CORP.

[94 N.C. App. 293 (1989)]

removed; and since the cutting and removal of timber was in the ordinary course of plaintiff's business — the development of a subdivision — and since plaintiff had authorized the president to clear the land, plaintiff's president had the apparent authority to bind plaintiff corporation to the timber agreement with defendant.

2. **Rules of Civil Procedure §§ 15, 56 — summary judgment disposing of all claims — subsequent amendment of complaint improper**

The trial court's granting of summary judgment for defendant in plaintiff's trespass action was a final judgment because it disposed of all of plaintiff's claims, and the trial court erred in allowing plaintiff leave to amend its complaint to add a negligence claim; furthermore, it was irrelevant that the trial court granted plaintiff leave to amend on the court's own motion.

3. **Corporations § 8; Negligence § 30.1 — checks made payable to president instead of corporation — no negligence by payor**

Summary judgment for defendant would have been proper on plaintiff's negligence claim had that claim properly been before the court where plaintiff claimed that defendant was negligent in writing checks in payment for timber cut by defendant to plaintiff's president individually rather than to plaintiff corporation; plaintiff produced no evidence that defendant knew of any improper purpose in the president's asking that checks be written in his name; and no duty rested on defendant, who made payments to the agent designated to receive them, to see that the money reached the principal.

APPEAL by plaintiff from Order of *Judge Bradford Tillery* entered 15 February 1988 in ONSLOW County Superior Court. Heard in the Court of Appeals 24 January 1989.

*Lanier & Fountain, by Charles S. Lanier and Gordon E. Robinson, Jr., for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Daniel Lee Brawley and John D. Martin; and Bailey & Raynor, by G. Keith Fisher, for defendant appellees.*

COZORT, Judge.

Plaintiff, Sentry Enterprises, Inc., is a closely-held North Carolina corporation located in Onslow County. In 1984, the time

material to this action, it had a total of three shareholders who also served as corporate officers: Daniel Furia, Secretary-Treasurer; Charles J. Scozzari, President; and Bernardo Navarro, Vice-President. Mr. Furia, who resided in New Jersey, exercised authority for Mr. Navarro, who lived in South America, through a power of attorney. Mr. Scozzari was the only shareholder/director residing in Onslow County. Mr. Scozzari managed plaintiff's daily business. As president, Mr. Scozzari was authorized to accept payment and to accept, endorse, and negotiate checks on plaintiff's behalf.

In 1984, plaintiff began development of real property located in Onslow County. Defendant Canal Wood, a North Carolina corporation engaged in the business of buying and selling timber, cut timber off plaintiff's land. It is the cutting of that timber which gave rise to this legal action.

On 9 March 1984, Mr. Scozzari and defendant entered into a Timber Purchase and Sales Agreement giving defendant Canal Wood the right to cut and remove timber from plaintiff's land in Onslow County. The contract was signed "C. J. Scozzari," and it listed Mr. Scozzari as "SELLER." Defendant Canal Wood hired defendant Goodson to cut and remove timber from plaintiff's land. Defendant Goodson started cutting and removing timber in March, 1984, and completed the work in June, 1984. Defendant Canal Wood made payments totaling $69,938.91—the total due under the agreement—to Mr. Scozzari, with checks bearing his name as payee. Mr. Scozzari converted the payments made by defendant and other funds to his own use. In a separate action, plaintiff obtained a consent judgment against Mr. Scozzari and received $119,040.55 in payment thereof from him.

On 3 September 1986, plaintiff filed suit against Canal Wood, Goodson, and Donnell Moseley, the broker who brought plaintiff and Canal Wood together. The suit alleged that defendants, acting in concert, *trespassed* on plaintiff's land and converted the timber to their own use. Defendants answered and moved for summary judgment on plaintiff's trespass action. On 27 October 1987, the trial court filed an order granting summary judgment for defendants Canal Wood and Goodson. In that same order, the trial court, on its own motion, gave plaintiff 20 days to file and serve an amended complaint. On 13 November 1987, plaintiff filed an "amendment to complaint," wherein plaintiff alleged that plaintiff and defendant Canal Wood entered into a contract for the purchase of

timber from plaintiff and that Canal Wood cut and removed the timber from plaintiff's property. Plaintiff alleged that defendant Canal Wood paid Mr. Scozzari $69,938.91 and that defendant was negligent in paying Mr. Scozzari individually rather than the plaintiff. After answering the amended complaint, defendant Canal Wood moved for summary judgment. Defendant Goodson filed a motion to dismiss for failure to state a claim against him. On 15 February 1988, the trial court granted defendant Canal Wood's motion for summary judgment and granted defendant Goodson's motion to dismiss. Plaintiff timely gave notice of appeal to the 15 February order granting summary judgment for defendant Canal Wood. Plaintiff did not appeal the dismissal as to defendant Goodson, and plaintiff has taken a voluntary dismissal as to defendant Moseley. Thus, the only parties before this Court in this appeal are plaintiff and the defendant corporation.

On appeal, plaintiff contends (1) that the trial court erred in granting summary judgment on 27 October 1987 as to the trespass claim, and (2) that the trial court erred in granting summary judgment on 15 February 1988 as to the negligence claim. In a cross assignment of error, defendant contends the trial court erred in allowing the plaintiff to amend his complaint. We find no merit to plaintiff's contentions regarding summary judgment. We agree with defendant that the trial court erred in allowing plaintiff to amend the complaint after summary judgment.

The first assignment of error presented in plaintiff's brief contends that the trial court erred in granting defendant's motion for summary judgment on 27 October 1987. In the argument thereunder, plaintiff contends that "the central issue in this case is whether it was negligent for Canal Wood . . . to contract for the purchase of the timber to make payments for the timber to C. J. Scozzari, instead of [plaintiff]." Plaintiff's argument is misplaced. When the trial court entered summary judgment for Canal Wood on 27 October 1987, the only claim before the court was plaintiff's claim for trespass. Plaintiff's claim for negligence did not arise until the amended complaint was filed on 13 November 1987. Thus, the only issue pertinent to the 27 October 1987 summary judgment is whether there is any genuine issue of material fact as to plaintiff's claim for *trespass*. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c) (1988).

[1] In its brief, plaintiff fails to distinguish between the two orders granting summary judgment. Nonetheless, we have reviewed the

record below and find that the trial court was correct in granting summary judgment for defendant Canal Wood on the trespass claim.

To prove trespass plaintiff must show that defendant made an unauthorized entry on plaintiff's land. *Keziah v. Seaboard Air Line R.R. Co.*, 272 N.C. 299, 311, 158 S.E. 2d 539, 548 (1968). To prove unlawful cutting of timber under N.C. Gen. Stat. § 1-539.1(a), plaintiff must show that defendant trespassed and that defendant cut or removed timber from plaintiff's land. N.C. Gen. Stat. § 1-539.1(a) (1983); *Matthews v. Brown*, 62 N.C. App. 559, 561, 303 S.E. 2d 223, 225 (1983). Plaintiff argues that defendant's entry upon its land was unauthorized because defendant knew or should have known that plaintiff's president, C. J. Scozzari, exceeded his authority when he signed and accepted payment under the Timber Purchase and Sales Agreement made with defendant Canal Wood. Plaintiff claims that defendant Canal Wood was on notice that Mr. Scozzari was not acting within the scope of his authority as president because Mr. Scozzari demanded that defendant's checks be made in his name. We find that plaintiff's president had the apparent authority to sign the timber agreement and to bind plaintiff to the contract. Therefore, under that agreement, defendant had the right to enter upon plaintiff's land to remove timber.

"Where a third party in good faith and with reasonable prudence deals with an agent having apparent authority, the principal is bound by the agent's acts. *Thompson v. Assurance Society*, 199 N.C. 59, 64, 154 S.E. 21, 24 (1930)." *Foote & Davies, Inc. v. Arnold Craven, Inc.*, 72 N.C. App. 591, 595, 324 S.E. 2d 889, 892 (1985). The president of a corporation has the apparent authority to bind the corporation to contracts which are within the corporation's ordinary course of business. *Id.* at 596, 324 S.E. 2d at 892-93.

The timber agreement plaintiff's president made with defendant Canal Wood was in the ordinary course of plaintiff's business. Daniel Furia, currently plaintiff's president, was one of plaintiff's three shareholders and was plaintiff's secretary-treasurer at the time the timber was cut. Mr. Furia testified in deposition that plaintiff desired to develop the land in Onslow County as a subdivision. He stated that plaintiff wanted the land cleared and had authorized Mr. Scozzari to clear it. Mr. Furia testified that plaintiff's officers, directors and shareholders knew timber was being cut and removed from their land and knew defendant Canal Wood was cutting and removing that timber. Neither the officers, direc-

tors nor shareholders of plaintiff objected at any time to the timber being cut and removed. Since the cutting and removal of timber was in the ordinary course of plaintiff's business — the development of a subdivision — and since plaintiff had authorized the president to clear the land, plaintiff's president had the apparent authority to bind plaintiff corporation to the timber agreement with defendant. We find the trial court was correct in granting defendant's motion for summary judgment on the trespass claim.

[2] We now turn to defendant's cross assignment of error wherein the defendant alleges the trial court erred in allowing the plaintiff to amend the complaint after entry of summary judgment. We hold that the trial judge had no authority to grant leave to amend *after* summary judgment was entered against plaintiff.

This Court has held that once a Rule 12(b)(6) motion is granted, the trial court is "no longer empowered to grant plaintiff leave to amend under Rule 15(a) . . . ." *Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E. 2d 378, 382 (1987). In *Harris v. Family Medical Center*, 38 N.C. App. 716, 718, 248 S.E. 2d 768, 770 (1978), we held that plaintiff's right to amend is lost if the trial court grants defendant's motion for judgment on the pleadings. In *Harris*, we expressly relied on *Clardy v. Duke University*, 299 F. 2d 368 (4th Cir. 1962) (per curiam), which held that plaintiff's motion for leave to amend was properly denied after the trial court entered summary judgment for defendant. *Id.* at 369-70. Plaintiff seeks to distinguish this line of cases on the grounds that in this case the trial court granted plaintiff leave to amend on the court's own motion. We are not persuaded. It is simply irrelevant who makes the motion. Once the trial court enters final judgment in the case, the trial court lacks the authority to grant leave to amend under Rule 15. *See Johnson*, 86 N.C. App. at 7-8, 356 S.E. 2d at 382-83. Summary judgment was a final judgment in this case because it disposed of *all* of plaintiff's claims. *See Bailey v. Gooding*, 301 N.C. 205, 208-09, 270 S.E. 2d 431, 433 (1980). If we adopted plaintiff's argument, Rule 15(a) would render Rule 56 meaningless and ineffective. *See Clardy*, 299 F. 2d at 370. The portion of the trial court's order granting plaintiff leave to amend the complaint is reversed. Plaintiff should not have been allowed to amend his complaint to add the negligence claim. The negligence claim was not properly before the trial court, and the plaintiff has no standing to seek review of the trial court's granting defendant's motion for summary judgment on that claim. Nevertheless, in the interest of judicial

economy, we have elected to consider plaintiff's claim that defendant was negligent in writing checks to Mr. Scozzari instead of the plaintiff corporation. We have reviewed all the evidence, and we find no evidence of negligence by defendant.

[3] Michael Marks, defendant's manager, testified in deposition as to the reason for writing checks in Mr. Scozzari's name:

> A. He said he was the President of the company. He said he owned the company and he needed the money wrote [sic] in his name so he could pay out tractor bills and bulldozer bills or whatever what [sic] to begin clearing land.
>
> * * * *
>
> Q. Is it your practice to pay corporations by making checks directly to an office manager or the president?
>
> A. I feel like if it's deemed necessary, if they request it, I feel like they own the timber, or they own whatever, and I try to oblige them as necessary and he made that request, he as in Mr. Scozzari.

Plaintiff has produced no evidence that defendant knew of any improper purpose in Mr. Scozzari's asking that checks be written in his name. "No duty rests upon a debtor, who makes a payment to an agent designated to receive it, to see that the money reaches the principal, if the debtor is without notice of an improper purpose or intention on the part of the collecting agent. *Shriver v. Sims*, 127 Nev. 374, 255 N.W. 60, 94 A.L.R. 779 (1934)." *Haynes Petroleum Corp. v. Turlington*, 261 N.C. 475, 478, 135 S.E. 2d 43, 46 (1964).

> While it is generally recognized that an agent having authority to collect a debt has no authority to receive a check in payment, it is nevertheless held that, where he cashes the check and receives the money thereon, the principal is bound. *Kloewer v. Associates Discount Corp.*, 245 Iowa 373, 62 N.W. 2d 244 (1954); Restatement of the Law, Agency, s. 178; 3 Am. Jur., 2d Agency, s. 139, pp. 531, 532; 94 A.L.R. 786. Checks made payable to the order of an agent, which are cashed by him, are not different from payments made in cash so far as the legal effect of the transaction is concerned. *Zummach v. Polasek*, 199 Wis. 529, 227 N.W. 33 (1929).

*Id.* at 477, 135 S.E. 2d at 45-46.

We conclude, therefore, that summary judgment for defendant would have been correct on the negligence claim if that claim were properly before the court.

In summary, the portion of the 27 October 1987 order granting summary judgment for defendant is affirmed; the portion of the order granting plaintiff leave to amend the complaint is reversed. Summary judgment for defendant, including dismissal of the action with prejudice, is affirmed.

Affirmed in part; reversed in part.

Judges PHILLIPS and GREENE concur.