WALTER L. MATTHEWS, JR. AND WIFE, VIRGINIA G. MATTHEWS v. FREDDY T. BROWN AND GEORGIA-PACIFIC CORPORATION

No. 8211SC689

(Filed 7 June 1983)

1. **Deeds § 28— timber deed—violation of—sufficiency of evidence**
    Plaintiffs offered sufficient evidence of a violation of a timber deed to support the trial judge's findings of fact, conclusions of law and award to plaintiffs of actual damages of $1,193.20 for the cost of timber cut unlawfully or destroyed.

2. **Trespass § 8.2— violation of timber deed—error to award double damages**
    The trial judge erred in awarding double damages to plaintiffs pursuant to G.S. 1-539.1(a) where plaintiffs proved a violation of a timber deed since defendant was not a trespasser to the land, and therefore, the statute did not apply.

APPEAL by defendant Georgia-Pacific Corporation from *Britt, Judge.* Judgment entered 17 January 1980 in Superior Court, HARNETT County. Heard in the Court of Appeals 11 May 1983.

Action by plaintiffs based on a breach of condition in a timber deed from plaintiffs to defendant Brown and assigned by him to Georgia-Pacific Corporation.

*James F. Penny, Jr., for plaintiffs-appellees.*

*Lytch & Thompson, by R. Allen Lytch and Benjamin N. Thompson, for defendant-appellant.*

HILL, Judge.

Plaintiffs executed two timber deeds to the defendant, Freddy T. Brown, the second deed extending the term of contract set out in the first. Brown assigned the two deeds to Georgia-Pacific Corporation. Brown answered plaintiffs' complaint, denying liability and filed a crossclaim against Georgia-Pacific Corporation for any damages plaintiffs would recover from him. Georgia-Pacific Corporation answered plaintiffs' complaint, denying negligence and Brown's crossclaim denying liability. In addition, Georgia-Pacific Corporation counterclaimed against Brown, charging liability based on warranty of title. At the conclusion of plaintiff's evidence, the trial judge allowed Brown's motion to dismiss, and at the end of all the evidence twice denied Georgia-Pacific Corporation's motion for involuntary dismissal pursuant to Rule 41(b). The trial judge made findings of fact and conclusions of law and awarded plaintiffs actual damages of $1,193.20 for the cost of timber cut unlawfully or destroyed, and then doubled this sum pursuant to G.S. 1-539.1. Brown was absolved of all liability. Georgia-Pacific Corporation appealed.

Georgia-Pacific Corporation brings forth four assignments of error. The first two assignments of error assert that the trial judge erred in failing to dismiss plaintiff's cause of action pursuant to G.S. 1A-1, Rule 41(b): first, because the evidence was insufficient to show a violation of the terms of the timber deed; and, second, because the evidence was insufficient to show negligence on the part of the Georgia-Pacific Corporation. We disagree.

[1] The trial judge's findings of fact support his award. Adequate evidence was offered by plaintiff which, if taken as true, supports findings upon which the trier of fact could properly base a judgment for the plaintiff. See Shuford, North Carolina Civil Practice and Procedure 2d, § 41-7, p. 327. Further, there was evidence, though disputed, that Georgia-Pacific's agent had cut 119.32 cords of trees eight inches or less valued at $1,193.20. The contract permitted Georgia-Pacific to cut such trees as were necessary to remove the timber contracted for, but Georgia-Pacific offered no evidence that defined the portion of trees that had to be cut to allow removal of the remaining timber. Such an argument is an affirmative defense that must be pleaded and

proved by Georgia-Pacific; only Georgia-Pacific is in a position to know how many trees, if any, were necessarily destroyed in removing the remaining timber.

We find no error in the amount of the initial award of $1,193.20 for timber cut and destroyed in violation of the timber deed. There was direct evidence by an expert forester that 119.32 cords were "left on the ground, cut or destroyed," having a value of $1,193.20. The Court's findings of fact are conclusive if supported by any competent evidence, and the judgment supported by such findings will be affirmed, even though there is contrary evidence, or even though some incompetent evidence may also have been admitted. 1 Strong N.C. Index 3d, Appeal and Error, § 57.2, p. 342.

[2]  We conclude, however, that the trial judge erred in awarding double damages to plaintiffs pursuant to G.S. 1-539.1(a) which states:

> Any person, firm or corporation not being the bona fide owner thereof or agent of the owner who shall without the consent and permission of the bona fide owner enter upon the land of another and injure, cut or remove any valuable wood, timber, shrub, or tree therefrom, shall be liable to the owner of said land for double the value of such wood, timber, shrubs or trees so injured, cut or removed.

In order for this statute to apply, two requirements must be met. The defendant must: (1) be a trespasser to the land and (2) injure, cut or remove wood, timber, shrubs, or trees thereon or therefrom. In this case, the first part of the test has not been met. In no way was Georgia-Pacific a trespasser; it had a legal right to be on the land under the contract and the assignment. There is no evidence Georgia-Pacific cut any timber outside the boundary described in the timber deed.

The trial judge erred in doubling the award of damages. The judgment in this case is vacated and the cause remanded to the Superior Court of Harnett County for entry of a new judgment awarding the plaintiffs $1,193.20.

Remanded for entry of judgment in accordance with this opinion.

Judges JOHNSON and PHILLIPS concur.