ED S. MITCHELL, JR., HATTIE B. MITCHELL, EVELYN M. SNEAD, ROSA M. SUTTON, PLAINTIFFS v. JAMES E. BROADWAY, T/A JAMES E. BROADWAY LOGGING, DEFENDANT/THIRD-PARTY PLAINTIFF, AND JAMES E. BROADWAY, D/B/A B&B LOGGING COMPANY, THIRD-PARTY PLAINTIFF v. DAL W. MITCHELL, DAL A. MITCHELL, EDNA MITCHELL, ED S. MITCHELL, JR., EVELYN M. SNEAD, ROSA M. SUTTON, WILLIAM P. MITCHELL, JR., EMMITT G. MITCHELL, AARON C. MITCHELL, EDNA M. WARNER, PRESTON MITCHELL, JR., CLIFTON MITCHELL, ANGELA M. COWELL, RACHEL M. LEE, MATTIE M. SPEIGHTS, WINIFRED NELSON, LIZZIE D. MITCHELL, CLIFFORD MITCHELL, RALPH W. MITCHELL, AND WILLIAM M. MITCHELL, THIRD-PARTY DEFENDANTS

No. COA05-1332

(Filed 2 May 2006)

**Trespass— logging—authorized by one of several owners— double damages inapplicable**

Defendant was not a trespasser when he cut and removed timber from property owned by tenants in common and was not liable for double damages under N.C.G.S. § 1-539.1 where he had contracted with one of the tenants in common to harvest timber from the property.

Appeal by plaintiffs and third-party defendants Edna Mitchell, Ralph W. Mitchell, and William M. Mitchell from order entered 2 August 2005 by Judge Charles Henry in Craven County Superior Court. Heard in the Court of Appeals 12 April 2006.

*Lee, Hancock and Lasitter, P.A., by Moses D. Lasitter, for plaintiffs-appellants and third-party defendants-appellants.*

*Chestnutt, Clemmons, Thomas & Peacock, P.A., by Gary H. Clemmons, for defendant/third party plaintiffs-appellees.*

*No brief filed for third-party defendants-appellees Dal W. Mitchell, Dal A. Mitchell, William P. Mitchell, Jr., Emmitt G. Mitchell, Aaron C. Mitchell, Edna M. Warner, Preston Mitchell, Jr., Clifton Mitchell, Angela M. Cowell, Rachel M. Lee, Mattie M. Speights, Winifred Nelson, Lizzie D. Mitchell, and Clifford Mitchell.*

TYSON, Judge.

Ed S. Mitchell, Jr., Hattie B. Mitchell, Evelyn M. Snead, and Rosa M. Sutton ("plaintiffs") appeal the trial court's order granting James E. Broadway t/a James E. Broadway Logging's ("defendant") motion for partial summary judgment and denying plaintiffs' motion for partial summary judgment. We affirm.

## I. Background

Plaintiffs are tenants-in-common and hold an undivided interest in a 60.22 acre tract of land located in Craven County. On 6 March 2000, Dal W. Mitchell, an owner of the property, and defendant entered into a contract to allow defendant to remove timber from the property. Defendant thereafter harvested timber from the property.

Ed S. Mitchell, Jr., Hattie B. Mitchell, Evelyn M. Snead, and Rosa M. Sutton filed suit and alleged defendant cut timber from the property without their consent on 26 February 2003.

Defendant filed a third-party complaint against Dal W. Mitchell, Dal A. Mitchell, Edna Mitchell, Ed S. Mitchell, Jr., Evelyn M. Snead, Rosa M. Sutton, William P. Mitchell, Jr., Emmitt G. Mitchell, Aaron C. Mitchell, Edna M. Warner, Preston Mitchell, Jr., Clifton Mitchell, Angela M. Cowell, Rachel M. Lee, Mattie M. Speights, Winifred Nelson, Lizzie D. Mitchell, Clifford Mitchell, Ralph W. Mitchell, and William M. Mitchell and alleged negligent misrepresentation, breach of warranty, and accounting on 28 March 2003.

**MITCHELL v. BROADWAY**

[177 N.C. App. 430 (2006)]

On 12 October 2003, defendant moved for partial summary judgment dismissing plaintiffs' claim for double damages pursuant to N.C. Gen. Stat. § 1-539.1.

Plaintiffs moved for partial summary judgment against defendant on the issue of double damages pursuant to N.C. Gen. Stat. § 1-539.1 on 23 October 2003.

The trial court granted defendant's motion for partial summary judgment and denied plaintiffs' motion for partial summary judgment on 4 November 2003. Plaintiffs appealed.

This Court dismissed plaintiffs' appeal as being interlocutory on 2 November 2004 in an unpublished opinion. *Mitchell v. Broadway*, 166 N.C. App. 763, 604 S.E.2d 695 (2004) (unpublished).

The case was heard on 11 July 2005, and the trial court entered an order on 28 July 2005 resolving the undisputed issues remaining to be heard. The trial court certified the case as immediately appealable under Rule 54(b) of the North Carolina Rules of Civil Procedure. Plaintiffs appeal.

## II. Issues

Plaintiffs argue the trial court erred when it granted defendant's motion for partial summary judgment regarding double damages under N.C. Gen. Stat. § 1-539.1. We disagree.

## III. Standard of Review

In a motion for summary judgment, the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: 1) Proving that an essential element of the opposing party's claim is nonexistent; or 2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Hines v. Yates*, 171 N.C. App. 150, 157, 614 S.E.2d 385, 389 (2005) (internal quotations and citations omitted). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

## IV. Summary Judgment

Plaintiffs contend genuine issues of material fact exist whether Dal W. Mitchell acted as an agent on behalf of plaintiffs when he entered into the timber agreement with defendant and sold timber to defendant.

N.C. Gen. Stat. § 1-539.1(a) (2005) provides:

Any person, firm or corporation not being the bona fide owner thereof or agent of the owner who shall *without the consent and permission of the bona fide owner enter upon the land of another and injure, cut or remove any valuable wood, timber,* shrub or tree therefrom, shall be liable to the owner of said land for double the value of such wood, timber, shrubs or trees so injured, cut or removed.

(Emphasis supplied).

In *Matthews v. Brown*, this Court held the trial court erred when it granted the plaintiffs double damages under N.C. Gen. Stat. § 1-539.1. 62 N.C. App. 559, 561, 303 S.E.2d 223, 225 (1983). We stated:

In order for this statute to apply, two requirements must be met. The defendant must: (1) be a trespasser to the land and (2) injure, cut or remove wood, timber, shrubs, or trees thereon or therefrom. In this case, the first part of the test has not been met. In no way was Georgia-Pacific a trespasser; it had a legal right to be on the land under the contract and the assignment. There is no evidence Georgia-Pacific cut any timber outside the boundary described in the timber deed.

*Id.*

The elements of trespass include:

1. That the plaintiff was either actually or constructively in possession of the land at the time the alleged trespass was committed.

2. That the defendant made an unauthorized, and therefore an unlawful, entry on the land.

3. That the plaintiff suffered damage by reason of the matter alleged as an invasion of his rights of possession.

*Matthews v. Forrest*, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952) (internal citations omitted).

Here, plaintiffs contend defendant was a trespasser on their land because Dal W. Mitchell did not have authority to act as an agent on plaintiffs' behalf to grant defendant entry onto the property. Plaintiffs also assert a tenant-in-common "may not bind his co-tenant by any act with relation to the common property not previously authorized or subsequently ratified." Plaintiffs contend, "[o]nly a person who owns the property in fee, or a person with authority to act as an agent of co-tenants, can give valid permission for another to enter upon the property."

Defendant entered into a binding contract with Dal W. Mitchell to harvest and remove timber from the property. The contract provided:

> The buyer, its successors and assigns, their agents and employees, shall have the right of, ingress and egress in, to, on and over the lands hereinabove described and the adjoining land of seller, to a public road for the purposes of doing any and all work necessary to complete the harvest of said timber.

Dal W. Mitchell warranted in the contract that he owned good and sufficient title to the subject property located in Deed Book 309, Page 39 of the Craven County Registry. Defendant relied on Dal W. Mitchell's representation that he was the bonafide owner of the property. In his affidavit, defendant stated:

> [t]hat Dal W. Mitchell represented to me that he was one of several owners of the tract of land upon which timber was to be cut, and was acting for the other individuals who had ownership interests in the property.
>
> . . . .
>
> I asked for written documentation showing his ownership interest in the property. Dal W. Mitchell informed me that he had paid the taxes on the property, and showed me the tax receipts, which indicated he had paid the taxes on the property to be cut.

In *Jones v. McBee*, our Supreme Court stated:

> [t]he possession of one tenant in common is the possession of the other; each has a right to enter upon the land and enjoy it jointly

with the others. If one tenant in common destroys houses, trees, or does any act amounting to waste or destruction in woods or other such property, the other tenant may have an action on the case against him. But he never can, in any event, have an action of trespass *quare clausum fregit* against his co-tenant. *The other defendants were not trespassers, as they entered and acted by the direction of Meredith.*

. . . .

This Court has held that where an action is brought to recover for damages for logs cut and removed by one in the honest belief on the part of the trespasser that he had title to them, the measure of damages is the value of the logs in the woods from which they were taken, together with the amount of injury incident to removal.

222 N.C. 152, 153-54, 22 S.E.2d 226, 227 (1942) (internal quotations and citations omitted) (emphasis supplied).

Dal W. Mitchell, who held an ownership interest in the property as a tenant-in-common, gave defendant consent to enter onto the property for the purpose of harvesting and removing timber. Defendant had a "legal right to be on the land under the contract." *Brown*, 62 N.C. App. at 561, 303 S.E.2d at 225. Defendant was not a trespasser and is not subject to double damages under N.C. Gen. Stat. § 1-539.1. This assignment of error is overruled.

## V. Conclusion

The trial court did not err when it granted partial summary judgment in favor of defendant. Defendant was not a trespasser and not liable for double damages to plaintiffs under N.C. Gen. Stat. § 1-539.1. The trial court's order is affirmed.

Affirmed.

Judges GEER and JACKSON concur.